# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 1 3 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

George E. Carter #01466-000 )
FCI-Gilmer )
P.O. Box 6000 )
Glenville, WV 26351 )
(Enter your full name, prison number
and address)

v.

Ronald Dixon, Esquire )
Asst. U.S. Attorney )
555 Fourth St, N.W. )
Wash, D.C. 20001 )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

CASE NUMBER   1:06CV00113

JUDGE: Royce C. Lamberth

DECK TYPE: Pro se General Civil

DATE STAMP: 01/13/2006

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court <u>must</u> access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The

**RECEIVED**

OCT 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.     **SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.     **PREVIOUS LAWSUITS**

A.     Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes (✓)      No ( )

B.     Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (✓)      No ( )

C.     If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.     Parties to this previous lawsuit.

Plaintiffs: _George E. Carter #01466-000; FCI-Gilmer; P.O.Box 6000, Glenville, WV 26351_

Defendants: _Federal Bureau of Prisons, 320 First Street, N.W. Wash, D.C. 20534_

2.     Court (If federal court, please name the district; if state court name the county.) _U.S. District Court for the Northern District of West Virginia_

3.     Docket number: _1:05 CV 130_

4.     Name of judge to whom case was assigned: _Irene M. Keely & James E. Seibert_

5.     Disposition (for example: Was the case dismissed? Was it appealed? Is it still

pending?) *It is pending still.*

6.  Approximate date of filing lawsuit: *September 18, 2005*

7.  Approximate date of disposition: _____

## III. PLACE OF CONFINEMENT

*Federal Corrections Institution - Gilmer*
*P.O. Box 6000, Glenville, WV 26351*

A.  Is there a prisoner grievance procedure in this institution? Yes (✓)    No ( )
    If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
    Yes (✓)    No ( )

C.  If your answer is Yes to Question III B:

    1.  To whom and when did you complain? *Records staff, Warden, Regional Director, and Director in February or March of 2005*

    2.  Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (✓)    No ( )    *SEE ATTACHMENTS*

    3.  What, if any, response did you receive? (Furnish copy of response, if in writing.)
        *SEE ATTACHMENTS*

    4.  What happened as a result of your complaint? *Denials on all levels.*

D.  If your answer is No to Question III B, explain why not. _____

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes (✓)    No ( )

F.  If your answer is Yes to Question III E; *I had written letters to the Criminal Divisions And Superior Court.*

    1.  To whom and when did you complain? _____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( ✓ )    No ( )    SEE ATTACHMENTS

3. What, if any response did you receive? (Furnish copy of response, if in writing.)
SEE ATTACHMENTS

4. What happened as a result of your complaint?    DENIALS

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: GEORGE E. CARTER #01466-050
Address: FCI-Gilmer, P.O. BOX 6000, Glenville, WV 26351

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant: Ronald Dixon, ASST. U.S. ATTORNEY OFFICE
555 Fourth Street, N.W. 20001
Address: _____

Defendant: Jane/John DOES, Clerk of Superior Court
500 Indiana Ave, N.W. 20001

Address: _____

Defendant: _____

Address: _____

Defendant: _____

Address: _____

## V.    STATEMENT OF CLAIM

State here briefly as possible the facts of your case. Describe how each defendant is involved.

SEE ATTACHMENTS

GEORGE E. CARTER #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351,
        Plaintiff

V.

                               Civil Action No. _____

Ronald Dixon
Asst. U.S. Attorney
555 Fourth Street, N.W.
Wash, D.C. 20001

   AND

ANSE/John Doe
Clerk of the Superior Court
500 Indiana Ave, N.W.
Wash, D.C. 20001,
        Defendants

## CIVIL RIGHTS COMPLAINT
## DEMANDED JURY TRIAL

PRELIMINARY STATEMENTS

his is a civil right action filed by Plaintiff GEORGE E. CARTER, PRO SE, a D.C. pri-

oner housed in the Federal Bureau of Prisons due to the closure of District of

olumbia Department of Corrections, for compensatory and punitive damages under 42

I.S.C. § 1983, § 1985(3), and § 18 U.S.C. § 1001, alleging civil conspiracy, Fifth, Eighth,

sd Fourteenth Amendments, Fraud and Forgery by fabricating and falsifying a court

scument with the intent to deceive which was made in reference to a material fact

) extend and to prolong the expiration, the mandatory release, and parole eligibility

ates.

JURISDICTION

. This court has proper jurisdiction over the plaintiff's claims of violation federal con-

tutional rights under 42 U.S.C. § 1331(A).

PARTIES

. The plaintiff, GEORGE E. CARTER, is incarcerated during these events at Federal Corr-

tions Institution-Gilmer when he first discovered the existence of a false court

cument such as Judgment and Commitment Order by filing a Petition for Habeas Cor-

. pursuant to 28 U.S.C. § 2241 that was used as an exhibit to support respondent's

-2-

declaration. Plaintiff did not have any knowledge of this false court document. This false court was concealed from the plaintiff's inspection or review before he was scheduled for meetings such as classification and parole. Due to this false court document, plaintiff received unfair classification hearings by increasing his total point base scores, custody levels, and others. Plaintiff received adverse determinations from this false court document wherever he went. All offenses occurred on May 13, 1986 in the sworn indictment under criminal case number F5773-86H-K, plaintiff went to trial by jury before Judge Burgess. Plaintiff was found not guilty from counts H to J of the indictment by the jury except Count K... On October 13, 1988, plaintiff appeared in Superior Court from the Modular Facility of the District of Columbia Dept. of Corrections for disposition. Plaintiff received a term of one year on Count K... Shortly thereafter, plaintiff was informed by U.S. Marshalls that he was being transported directly from Superior Court to Federal Corrections Institutions in Petersburg, Virginia. Plaintiff did not return to Modular Facility of the District Columbia Dept. of Corrections. Plaintiff's personal belongings such as legal materials, cosmetics, and other items were not packed to be transferred to where he was taken.

-3-

Plaintiff's court appearances are documented in the log book at the Modular Facility, Superior Court, and computers. Plaintiff can substantiate his factual allegations where he was by calling witnesses, presenting documentary evidences, and telephone records in support of exhibit 7 of the Transfer History. This document is authentic and it can be verified. Each date, place, and time is accurate. This exhibit is indisputable unless an individual fabricates or falsifies another document.

. Defendant Ronald Dixon is the Assistant United States Attorney of the Department of Justice. He is being sued in his individual and official capacities by acting vindictively beyond the scope of his duties to punish the plaintiff for emerging victoriously on a murder case F5273-86(I) and for invoking legally protected rights by conspiring to falsify a court document with the assistance of the clerk in Superior Court.

. Defendant Jane/John Doe is the clerk of Superior Court. The Clerk's duties and responsibilities are to prepare, sign, and enter judgment in accordance with the order or decision of the Superior Court. The clerk shall assign consecutive file numbers. The file number of each action shall be noted on the folio of the docket whereon the first entry

-4-

If the action is made... All papers filed with the clerk, All process issued and returned made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the criminal docket on the folio assigned to the action and shall be marked with its file number. The clerk is being sued as her or his individual and official capacities by conspiring with the prosecutor to violate the rights of the plaintiff.

: All the defendants have acted with the intent to deceive and continue to act under color of laws at all times relevant to this complaint.

## FACTS TO ALL CLAIMS

. On August 6, 2004, plaintiff filed and submitted a Petition For Writ Of Habeas Corpus pursuant to the provision of Title 28, U.S.C. § 2241. This petition was based on the District of Columbia statutory good time credits. See, Civil Action No. 1:04CV175.

On February 16, 2005, the Assistant United States Attorney, Alan G. McGonigal, had filed a response to show cause why the habeas corpus should not be granted. The Inmate System Manager, Duane L. Brown, had filed a declaration dated on February 14, 2005 attaching a false court document in support thereof. See, Exhibit 1. Plaintiff could t believe what he realized before him. Plaintiff did not have any knowledge of

-5-

this false court document until he filed a habeas corpus in Clarksburg, West Virginia. Plaintiff did request to inspect and to review his prison files before he confronted the D.C. Board of Parole in October of 2002, and he did not see this false court document unless it was removed by the assigned case manager. Plaintiff had established a litigious reputation in both systems (D.C./Federal) that was well-known among federal, local, and state prison officials. If the plaintiff would have known of this false court document, the past, he would have exercised his constitutional and civil rights.

. On September 12, 1986, plaintiff was indicted by a sworn grand jury under two criminal case numbers: F4270-86 E,F, & G, and F5773-86 H, I, J, & K. Plaintiff decided to be ied by a jury under both criminal cases. . . Under the first criminal case number F42-86 E,F, & G, it was assigned to the Honorable Judge Henry F. Greene. Judge Greene did t hear any other counts except Counts E, F, & G. See, G. Carter v. United States, 684 A.2d 31 (D.C. 1996)(en banc). In this case, the defense counsel, Frances M. D'Antuono, was pointed lawyer to represent the plaintiff from the beginning to the ending of the case. After the jury's verdict of guilty, she noted to file an appeal. Within the specified re period, she filed a notice of appeal. . . Count K was not a part of the case or in

appeal. See, Appellate Number 98-co-1252. The appellate counsel was John T. Moran. After the clerk of Superior Court received and filed it, the clerk performed her/his official duties by preparing the original papers transmitting as the record on appeal for review to the court agency from which they were received. Plaintiff's criminal case under F4270-86 E, F, & G is finalized and the Superior Court lost jurisdiction over the case. There was no need for the plaintiff to re-appear seven months later in Superior Court under a closed case file after he was sentenced dated on March 24, 1988 by a different judge who was not assigned to this case . . . for a different court. F5773-86(k).

. On March 18, 1986, plaintiff was sentenced to a term of nine (9) to twenty-seven (27) years by Judge Nan R. Huhn who is now Shuker. See, Exhibit 3 under criminal case number F9366-85(E). This court document is authentic. It can be verified by both parties.

. On March 24, 1988, plaintiff was given another consecutive term of 13 to 39 years nice and one year running concurrently by Judge Henry F. Greene. Plaintiff appealed this case which was remanded by D.C. Court of Appeals in 1997. See, Criminal Case Number F4270-86 E, F, & G, Exhibit 4. This court document is authentic. It can be verified by both parties.

1. On November 19, 1986, plaintiff received another consecutive term of one year in the United States District Court for the Eastern District of Virginia. See, Criminal Case Number CR-86-252-A. See, Exhibit 5. This court document can be verified. It is authentic.

2. On October 13, 1988, plaintiff was awaken by the assigned correctional officer at the Cedular Facility for court appearance under criminal case number F5273-86(C) for disposition fore the Honorable Judge Burgess. Exhibit 6. In the upper left corner of the original court document before copying to fabricate, the U.S. Marshal assigned a Federal Registration number to plaintiff before he departed from the court building. That Federal number was 00-3-007. Plaintiff was escorted by U.S. Marshals to be taken to a bus. Plaintiff along with sixty (30) other inmates was being transported directly from Superior Court to Federal Correction Institution-Petersburg in Virginia. Plaintiff was being processed by Federal prison officials the Receiving/Delivery Room. Then, Plaintiff was taken to Richmond Hall. The following te, plaintiff was being reassigned to Administrative Segregation for no apparent reason... plaintiff was confined to a single cell in segregation at FCI-Petersburg until November 3, 88. This fact is documented by Federal prison officials. On November 3, 1988, plaintiff

was being transported from FCI-Petersburg to USP of ATLANTA. It was highly impossible to APPEAR in Superior Court dated on October 14, 1988 when plaintiff was housed in the segregation unit. The segregation's log book can verify this fact. . . On October 14, 1988, plaintiff swears in good faith under penalty of perjury that he did not APPEAR in Superior Court under criminal case number F4270-86(K). Plaintiff requests a polygraphic test to prove his factual whereabouts dated on October 14, 1988. . . This particular court document such as the Judgment and Commitment Order was a false representation that was made in Retaliation by the prosecutor and by the clerk in reference of the original court document. Both defendants did have knowledge of its falsity. Both defendants did know the serious effect that this false court document was going to impose on the plaintiff's future. Both defendants' intentions were to deceive the prison officials by falsifying judicial document having them to abuse their authority and power that would shock the conscience of the public to deny and to deprive the plaintiff the equal protection of the laws that was clearly established at the time when these constitutional and civil rights violations occurred. Both defendants agreed to execute a conspiratorial scheme to injure the plaintiff lawfully enforcing his rights of the First Amendment by increasing his punishment with

false judicial document made in reference to a material fact. See, Exhibit 8.

3. On March 4, 2005, plaintiff wrote a letter to the clerk requesting specifically a copy of his court document to prove that he did not appear in court. See, Exhibit 9. On March 15, 2005, plaintiff received a response from the clerk of Superior court with a copy of his judgment and commitment order along with his brother. See, Exhibit 9A ... Why would the clerk send a copy of plaintiff's brother judgment and commitment order? The clerk did knowingly and willfully conceal, cover up by any tricks, schemes, or device a material fact, or makes any false, fictitious or fraudulent statements or representations or makes uses any false writing or document knowing the same to contain any false, fictitious fraudulent statement or entry that was designed to punish the plaintiff for invoking his legal rights. The clerk had violated a clearly established laws of fraud and forgery by fabricating and by falsifying a court document with a copied signature.

4. On May 30, 2005, plaintiff responded to the clerk's letter. See, Exhibit 11. Plaintiff attempted to file criminal charges against the clerk and the prosecutor for violating criminal laws by abusing their authority and power to punish the plaintiff for exercising his legal rights but the plaintiff did not receive any replies unless Defendant Dixon intercepted

he incoming legal mail that was certified. It was signed by Ernest L Parker dated on March

4, 2005. See, Exhibit 16 . . . There is no other available remedy to exhaust against the clerk

and the prosecutor while the plaintiff is housed in the Federal prison system. This

federal prison law library does not possess criminal complaint; Therefore, Plaintiff filed

complaint in a form of letter.

## CLAIM ONE:
## CIVIL CONSPIRACY

5. Plaintiff alleges that both defendants pursued the same objective in an unlawful

Answer to complete an unlawful act in fabricating and falsifying an original judi-

-al document. One of the defendants observed an open breach of the law while

the other defendant was preparing a false court document. Neither defendant attem-

-ed to prevent this unlawfulness. Both defendants conspired for the purpose of

hindering, impeding, obstructing, or defeating the due course of justice within the

said systems with intent to deny the plaintiff equal protection of the laws or

injure him for lawfully enforcing or attempting to enforce his legal rights within

the Federal Bureau of Prisons or Superior Court. Defendants either directed, or at least

knew of and acquiesced in, the custom and practices that would result in the deprivation of Plaintiff's constitutional and civil rights. Both defendants were aware of the adverse consequences and determinations that this false court document would cause. Due to this conspiracy, plaintiff alleges that he suffers cruel and unusual punishment to be freed from atypical and significant hardship by extending and by increasing his expiration, mandatory release, and parole eligibility dates. Plaintiff would have seen the board of parole one year early if this false court document did not increase his punishment. . . Plaintiff received misclassification, miscomputation, and misevaluation by the members of the Board of Parole and of the Unit Team. This false court document was considered in each meeting which affected the plaintiff. By concealing this false court document from the plaintiff, he could not contest its falsity prior to previous determinations. Plaintiff is well-known to challenge injustices within the court and the penal system.

## CLAIM TWO:
### EQUAL PROTECTION

1. According to the Fifth and Fourteenth Amendments, plaintiff was denied and deprived the equal protection of laws within its jurisdiction during the pendency of his

criminal cases. Plaintiff alleges that his criminal files in possession of the clerk and

of the prosecutor were not given equal protection of the laws within the Superior Court

under each of their supervisions by conspiring a scheme to falsify a court document that

would have a serious and significant effect against the plaintiff's classification and parole

meetings. This false court document did apply a heightened scrutiny that evoked "parity of

treatment." This false court document had caused adverse determinations that denied certain

benefits such as low total base point score, low custody, and an early possible parole release

date by extending all of his dates. Plaintiff was not being protected within the Superior

Court by the clerk and by the prosecutor committing crimes within their official duties.

. Defendants' actions constituted punishment if they acted arbitrarily or capriciously

Relation to their purposes. Their ulterior motives were not reasonably related to a

legitimate governmental objective to punish the plaintiff without due process of laws.

## CLAIM THREE
## RETALIATION

. On December 18, 1987, plaintiff's trial commenced with a jury. See, Criminal Case Number

§773-86 H, I, J, 9K. Plaintiff gained success on that case with a favorable verdict except Count K. Count K was Carrying A Pistol Without License, D.C. Code § 22-3204. The prosecutor in the case was Defendant Dixon. Plaintiff was found not guilty for an "Armed" robbery, D.C. Code § 22-2901, 3202, First Degree Murder While Armed - Felony Murder, D.C. Code § 22-401, 3202, and two Carrying A Pistol Without License counts, D.C. Codes §§ 22-3204. Defendant Dixon plotted a scheme with the clerk in Superior Court to falsify a court document which would increase the punishment of the plaintiff. Defendants' actions were done in retaliation because he failed to gain a conviction against the plaintiff and the plaintiff exercised a right to petition the government for redress of grievances. Plaintiff would not have been retaliated by freely exercising without retaliation from the defendants, for asserting his legal rights in violation of the First Amendment of the United States Constitution. Due to defendants' retaliatory actions, plaintiff suffered atypical and significant consequences and determinations as a result of their constitutional and civil rights violations. Plaintiff is entitled to relief as set forth more fully below.

. In 1996, plaintiff received a remand from the District of Columbia Court of Appeals

under criminal case number F4270-86E,F, &G . . . before the Honorable Judge Henry F. Greene to determine if the plaintiff should be given a new trial due to errors. After hearing oral arguments from both parties, the judge denied the motion for a new trial. Defendant Dixon had argued for the United States at the remanded hearing. Defendant Dixon handled majority of plaintiff's criminal cases. . . Plaintiff assumed that the false court document was made a reference of the original court document under the same above-case file by adding an irrelevant court to it. This false court document was concealed from the plaintiff for months, or years until 2005. Plaintiff's rights were violated by denying and depriving him of due process of laws by both defendants. Defendants' actions violated clearly established laws such as conspiracy, equal protection, cruel and unusual punishment, and and and Forgery.[1]

42 U.S.C. § 1983 Provides:

Every person who, under color of any statute, ordinance, regulation,

custom, or usage of any State, Territory, or the District of Columbia, subjects,

or caused to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws shall

be liable to the party injured in an action at law, suit in equity, or

other proper proceeding for redress. For the purposes of this section,

any of Congress applicable exclusively to the District of Columbia

shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1985 (3) Provides:

If two or more persons conspires for the purpose of impeding,

hindering, obstructing, or defeating in any manner the due course

of justice in any State or Territory with intent to deny to any

citizen the equal protection of the laws, or to injure him or his

property for lawfully enforcing, or attempting to enforce, the right

of any person, or class of persons to the equal protection of the

laws.

.8 U.S.C. § 1001 (A) (1)(2) &(3) Provides:

-16-

(A) Except as otherwise provided in this section whoever in any manner within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--

(1) falsifies, conceals, or cover up by any tricks, schemes, or devices a material fact;

(2) makes any materially false, fictitious, or fraudulent statements or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

D. Plaintiff suffered serious damages as a result of these violations of his legal claims and he is entitled to relief as set forth more fully below.

## PRAYER FOR RELIEF

Wherefore, the plaintiff prays for the following relief from Defendants:

A. Compensatory damages in the amount of Three Million Dollars;

b. Punitive damages in the amount of Three Million Dollars;

-17-

c. Attorney's fees and costs of this action; and

d. Such other and further relief as the nature of his cause may require

and/or this Honorable Court shall deem just and proper.

1. Paragraphs 1 through 19 hereinabove are hereby incorporated and restated as if fully set forth.

2. Defendants are acting under color of Federal/local law and liable to Plaintiff under 12 U.S.C. §1983 for any deprivation of any rights, privileges, and immunities secured by the Constitution or laws of the United States.

3. The actions by Defendants as described hereinabove constituted violations of the Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. These actions were taken in bad faith pursuant to clearly established laws.

Wherefore, the Plaintiff prays for the following relief from Defendants:

A. Compensatory and Punitive damages in the amount of One Million and Five Hundred Thousand Dollars;

B. Attorney's fees and costs of this action; and

C. Such other and further relief as the nature of his cause may require

And/or this Honorable Court shall deem just and proper.

## JURY TRIAL DEMANDED

The Plaintiff demands a trial by jury.

Respectfully submitted,
*George E. Carter / George E. Carter*

GEORGE E CARTER #10466000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing of the Civil Rights Complaint by a demanded jury trial, Exhibits, Summons, Js 44 Forms, Motion for the Appointment of Counsel, and Certificate of Service by depositing true copies of each pleading to the clerk, clerk of Superior court, and to the prosecutor, postage prepaid, dated on November 28, 2005. 28 U.S.C. 31746.

Copies To:

Gerald Dixion
Asst. U.S. Attorney
5 4th St, N.W.
Wash, D.C. 20081

Jane / John Doe
Clerk of Superior Court
500 Indiana Ave, N.W.
Wash, D.C. 20001

Respectfully submitted,
George E. Carter / George E. Carter
GEORGE E. CARTER #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

- 20 -

Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

SEE ATTACHMENTS

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

SEE ATTACHMENTS

Signed this __8th__ day of __October__ , __2005__

29th          November

*George E. Carter*

*George E. Carter / George E. Carter*
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.    *George E. Carter*

__10-8-05/11-29-05__      *George E. Carter / George E. Carter*
(Date)                          (Signature of Plaintiff)

*George E. Carter*

n:\Forms\42 USC 1983

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE E. CARTER,

    Petitioner,

*Exhibit 1*

v.                        CIVIL ACTION NO. 1:04CV175

HARLEY LAPPIN, Director;
K.J. Wendt, Warden; and
ANTHONY William, Mayor,

    Respondents.

## DECLARATION OF DUANE J. BROWN

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, do hereby make the following declaration:

1.     I am employed as the Inmate Systems Manager at the Federal Correctional Institution (FCI), Gilmer, West Virginia. As the Inmate Systems Manager, I have access to records maintained by the Bureau of Prisons regarding federal inmates. This information includes, but is not limited to, access to the Bureau of Prisons' SENTRY computer database, which tracks the status and activities of inmates while in federal custody, Judgment and Commitment files, and Central Files.

2.     George E. Carter, Federal Register Number 01466-000, is currently designated by the Federal Bureau of Prisons to serve his sentence at FCI Gilmer, West Virginia.

3.     A review of inmate Carter's Judgment and Commitment file indicates the following:

    A.     On March 18, 1986, inmate Carter was sentenced in Case No. F9266-85E to a 9-27 year term of imprisonment for armed robbery to run consecutive by the Superior Court for the District of Columbia. Attachment A is a true and accurate copy of inmate Carter's Judgment and Commitment Order dated March 18, 1986.

    B.     On November 19, 1986, inmate Carter was sentenced by the United States

Page 1 of 3

**06 0113**

**FILED**

JAN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



District Court for the Eastern District of Virginia to a 90 day consecutive term of imprisonment for escape in violation of 18 U.S.C. § 751(a). Attachment B is a true and accurate copy of inmate Carter's Judgment and Commitment Order dated November 19, 1986.

C.  On March 24, 1988, inmate Carter was sentenced in Case no. F-4270-86 (E,F, &G) by the Superior Court of the District of Columbia to a term of imprisonment of 13-39 years to Count (E), Armed Robbery; 13-39 years to Count (F), Armed Robbery with a five year mandatory minimum; and 1 year to Count (G), Carrying a Pistol Without a License. All counts were to run concurrent to each other but consecutive to any other sentence being served. Attachment C is a true and accurate copy of inmate Carter's Judgment and Commitment Order dated March 24, 1988.

D.  The date of offense for the conviction referenced in Attachment C was May 11, 1986.

E.  On October 13, 1988, inmate Carter was sentenced by the Superior Court of the District of Columbia to a 1 year term of imprisonment for Carrying a Pistol Without a License in Case No. F-5773-86(K) to run consecutive to any previously imposed term of imprisonment. Attachment D is a true and accurate copy of inmate Carter's Judgment and Commitment Order dated October 13, 1988.

F.  The date of offense for the conviction referenced in Attachment D was May 11, 1986.

G.  On October 14, 1988, inmate Carter was sentenced by the Superior Court of the District of Columbia to a 1 year term of imprisonment for Carrying a Pistol Without a License in Case no. F-4270-86(K) to run consecutive to any other sentence. Attachment E is a true and accurate copy of inmate Carter's Judgment and Commitment Order dated October 14, 1988.

INACCURATE

H.  The date of offense for the conviction referenced in Attachment E was May 11, 1986.

I.  Inmate Carter's sentence is deemed to have commenced March 18, 1986, the date he was remanded to the custody of the Attorney General to begin service of his sentence following imposition of his sentence in Case No. F9266-85E.

J.  Inmate Carter's sentences are deemed to be consecutive as all of his Judgment and Commitment Orders ordered that his sentences run

consecutive to any sentence then being served.

K.    Inmate Carter's 9-27 year sentence, 90 day sentence, 13-39 year sentence, and two 1 year sentences have been aggregated pursuant to 18 U.S.C. § 4161 for computation purposes for a total aggregated sentence of 68 years and 90 days.

L.    Inmate Carter's mandatory release date, the date he will finish serving his sentence with consideration of good conduct time, is October 17, 2031.

M.    Inmate Carter's parole eligibility date, the date he first became eligible for parole, was January 11, 2003.

N.    Based on an aggregated sentence of 68 years and 90 days, inmate Carter receives ten (10) days of good conduct time per month.

O.    Inmate Carter's total projected good conduct time on his aggregated sentence is 8189 days.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this __14__ day of February 2005.

Duane J. Brown, Inmate Systems Manager
FCI Gilmer
Federal Bureau of Prisons

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Exhibit "0"
"3"

JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged and is hereby SENTENCED to _____

☐ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant is placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies.

☐ _____

Costs in the aggregate amount of $ _____ under the Victims of Violent Crime Compensation Act of 1981. And it is further

ORDERED that the Clerk deliver a true copy of this order to the authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_____ Judge

_____ Deputy Clerk

Original — Court
Blue — Probation
Green — Defendant
Canary — Social Services
Pink — Mayor's Office
☐ Corporation Counsel
☐ United States Attorney
☐ Probation Department

TRUE COPY OF DC

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia
                                          Case No. _F-4270-86_  (E, F+G)
              vs.        Exhibit "D" 4    PDID No. _312-041_

George E. Corter

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☑ Not Guilty ☐ Guilty to the Charge(s) of _____
(+ (E) Armed Robbery ; C+ (F) Armed Robbery
(+(G) Carrying a Pistol w/out License_
and having been found guilty by ☑ Jury ☐ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to + (E) 13-to
39 yrs; 5 yrs is mandatory minimum; C+(F) 13 to 39 yrs;
5 yrs is mandatory minimum; C+(G) 1 yr in jail; These
Sentences are to Run Concurrent to each other, but
Consecutive to any other sentence Being Served;
Pre-Sentence Report filed.

☒ MANDATORY MINIMUM term of ___5 yrs___ applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.
☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].
☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:
   ☐ Observe the general conditions of probation listed on the back of this order.
   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
     written notice from your Probation Officer.
   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

   ☐ Restitution of $_____ in monthly installments of $_____ beginning
     _____ (see reverse side for payment instructions). The Court
     will distribute monies to _____
   ☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981; and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_3-24-88_
    Date                  ATTACHMENT                    _____ Judge
Certification by Clerk pursuant to Crir        4

_3 24 88_
    Date                                          _P. Hawkins_
                                                  Deputy Clerk

# JUDGMENT AND PROBATION/COMMITMENT ORDER AO 245 (3/82)

In the presence of the attorney for the government the defendant appeared in person on this date →

| MONTH | DAY | YEAR |
|---|---|---|
| 11 | 19 | 86 |

**COUNSEL**

[ ] WITHOUT COUNSEL However, the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[ X ] WITH COUNSEL | Edward B. Brown, Esquire
(Name of Counsel)

**PLEA**

[ X ] GUILTY, and the court being satisfied that [ ] NOLO CONTENDERE, [ ] NOT GUILTY there is a factual basis for the plea,

**FINDING & JUDGMENT**

There being a finding/verdict of
{ [ ] NOT GUILTY. Defendant is discharged
{ [ X ] GUILTY.

Defendant has been convicted as charged of the offense(s) of Title 18 USC § 751(a)-Escape

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ninety (90) days. Sentence imposed shall run consecutively with sentence presently being served.

In addition to the foregoing there is assessed pursuant to 18 USC 3013 against the defendant the amount of $50.00.

**SPECIAL CONDITIONS OF PROBATION**

A True Copy, Teste:
Doris R. Casey, Clerk
By _____ Deputy Clerk

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

ATTACHMENT B 5

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY**

[ X ] U.S. District Judge

[ ] U.S. Magistrate

James C. Cacheris

Date November 19, 1986

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Exhibit "B"
6

Case No. _FS 173-86 K_
PDID No. _312-041_

vs.

_George Carter_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _Carrying a Pistol w/o lic_

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _The sentence is as to count K One year, Concurrently to another sentence_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_10-13-88_
Date

ATTACHMENT D
6

_Franklin Burgess_
Judge

Certification by Clerk pursuant to Criminal Rule 32(b).

_10-13-88_
Date

_Priscilla L. Grey_
Deputy Clerk

Date Charged: 01/19/1989                          VVCC:          $ N/A
Counts:        1                                  Bond Amount:   $ N/A
Disposition:   1 - SENTENCED AND SERVING          Bond Type:     N/A

Charge: DOC-1531 - DOC-CARRY PISTOL 1RST OFFEN
Case#:         F0427086                           Min Sentence:
Court:         SUPERIOR COURT                     Max Sentence:
Offense Date:  N/A                                Date Sentenced:  N/A
Date Charged:  11/07/1997                         VVCC:            $ N/A
Counts:        1                                  Bond Amount:     $ N/A
Disposition:   M - CONVICTED BUT NOT SENTENCED    Bond Type:       N/A

---

## Detainers

(No Detainer History)

---

## Transfer History — GEORGE E. CARTER

|       | Date/Time            | Institution             |
|-------|----------------------|-------------------------|
| From: | 2/5/87 12:30:00 AM   | 88 - MAXIMUM SECURITY   |
| To:   | 2/5/87 12:50:00 AM   | 07 - COURT              |
| From: | 2/6/87 12:30:00 AM   | 07 - COURT              |
| To:   | 2/6/87 12:50:00 AM   | 88 - MAXIMUM SECURITY   |
| From: | 2/19/87 12:30:00 AM  | 88 - MAXIMUM SECURITY   |
| To:   | 2/19/87 12:50:00 AM  | 07 - COURT              |
| From: | 2/20/87 12:30:00 AM  | 07 - COURT              |
| To:   | 2/20/87 12:50:00 AM  | 88 - MAXIMUM SECURITY   |
| From: | 6/3/87 12:30:00 AM   | 88 - MAXIMUM SECURITY   |
| To:   | 6/3/87 12:50:00 AM   | 07 - COURT              |
| From: | 6/4/87 12:30:00 AM   | 07 - COURT              |
| To:   | 6/4/87 12:50:00 AM   | 88 - MAXIMUM SECURITY   |
| From: | 6/5/87 12:30:00 AM   | 88 - MAXIMUM SECURITY   |
| To:   | 6/5/87 12:50:00 AM   | 07 - COURT              |
| From: | 6/5/87 1:00:01 AM    | 07 - COURT              |
| To:   | 6/5/87 1:20:01 AM    | 88 - MAXIMUM SECURITY   |
| From: | 6/24/87 12:30:00 AM  | 88 - MAXIMUM SECURITY   |
| To:   | 6/24/87 12:50:00 AM  | 07 - COURT              |
| From: | 6/24/87 1:00:01 AM   | 07 - COURT              |
| To:   | 6/24/87 1:20:01 AM   | 88 - MAXIMUM SECURITY   |
| From: | 12/18/87 12:30:00 AM | 88 - MAXIMUM SECURITY   |
| To:   | 12/18/87 12:50:00 AM | 07 - COURT              |
| From: | 12/18/87 1:00:01 AM  | 07 - COURT              |
| To:   | 12/18/87 1:20:01 AM  | 88 - MAXIMUM SECURITY   |
| From: | 12/21/87 12:30:00 AM | 88 - MAXIMUM SECURITY   |

| To: | 12/21/87 12:50:00 AM | 07 - COURT |
| From: | 12/21/87 1:00:01 AM | 07 - COURT |
| To: | 12/21/87 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 2/24/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 2/24/88 12:50:00 AM | 07 - COURT |
| From: | 2/24/88 1:00:01 AM | 07 - COURT |
| To: | 2/24/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 3/24/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 3/24/88 12:50:00 AM | 07 - COURT |
| From: | 3/24/88 1:00:01 AM | 07 - COURT |
| To: | 3/24/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/6/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/6/88 12:50:00 AM | 07 - COURT |
| From: | 7/6/88 1:00:01 AM | 07 - COURT |
| To: | 7/6/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/11/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/11/88 12:50:00 AM | 07 - COURT |
| From: | 7/11/88 1:00:01 AM | 07 - COURT |
| To: | 7/11/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/12/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/12/88 12:50:00 AM | 07 - COURT |
| From: | 7/12/88 1:00:01 AM | 07 - COURT |
| To: | 7/12/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/13/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/13/88 12:50:00 AM | 07 - COURT |
| From: | 7/13/88 1:00:01 AM | 07 - COURT |
| To: | 7/13/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/14/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/14/88 12:50:00 AM | 07 - COURT |
| From: | 7/14/88 1:00:01 AM | 07 - COURT |
| To: | 7/14/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/15/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/15/88 12:50:00 AM | 07 - COURT |
| From: | 7/15/88 1:00:01 AM | 07 - COURT |
| To: | 7/15/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/19/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/19/88 12:50:00 AM | 07 - COURT |
| From: | 7/19/88 1:00:01 AM | 07 - COURT |
| To: | 7/19/88 1:20:01 AM | 88 - MAXIMUM SECURITY |

| | | | |
|---|---|---|---|
| From: | 9/7/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 9/7/88 12:50:00 AM | 07 - COURT |
| From: | 9/7/88 1:00:01 AM | 07 - COURT |
| To: | 9/7/88 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 9/16/88 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 9/16/88 12:50:00 AM | 10 - MODULAR FACILITY |
| From: | 9/19/88 12:30:00 AM | 10 - MODULAR FACILITY |
| To: | 9/19/88 12:50:00 AM | 07 - COURT |
| From: | 9/19/88 1:00:01 AM | 07 - COURT |
| To: | 9/19/88 1:20:01 AM | 10 - MODULAR FACILITY |
| From: | 10/13/88 12:30:00 AM | 10 - MODULAR FACILITY |
| To: | 10/13/88 12:50:00 AM | 07 - COURT |
| From: | 10/13/88 1:00:01 AM | 07 - COURT |
| To: | 10/13/88 1:20:01 AM | 33 - PETERSBURG (VIRGINIA) |
| From: | 1/19/89 12:30:00 AM | 33 - PETERSBURG (VIRGINIA) |
| To: | 1/19/89 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 1/25/89 12:30:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 1/25/89 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 2/21/89 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 2/21/89 12:50:00 AM | 10 - MODULAR FACILITY |
| From: | 3/2/89 12:30:00 AM | 10 - MODULAR FACILITY |
| To: | 3/2/89 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 5/1/89 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 5/1/89 12:50:00 AM | 07 - COURT |
| From: | 5/1/89 1:00:01 AM | 07 - COURT |
| To: | 5/1/89 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/20/89 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 7/20/89 12:50:00 AM | 33 - PETERSBURG (VIRGINIA) |
| From: | 9/10/92 12:30:00 AM | 33 - PETERSBURG (VIRGINIA) |
| To: | 9/10/92 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 10/27/92 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 10/27/92 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 10/29/92 12:30:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 10/29/92 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 12/3/92 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 12/3/92 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 12/3/92 1:00:01 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 12/3/92 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 4/14/93 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 4/14/93 12:50:00 AM | 01 - OCCOQUAN FACILITY |

Exhibit "B.0"
"D"

| | | |
|---|---|---|
| From: | 4/29/93 12:30:00 AM | 01 - OCCOQUAN FACILITY |
| To: | 4/29/93 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 6/21/93 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 6/21/93 12:50:00 AM | 38 - OUT OF STATE COURT |
| From: | 6/23/93 12:30:00 AM | 38 - OUT OF STATE COURT |
| To: | 6/23/93 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 7/24/93 12:30:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 7/24/93 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 9/30/93 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 9/30/93 12:50:00 AM | 07 - COURT |
| From: | 9/30/93 1:00:01 AM | 07 - COURT |
| To: | 9/30/93 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 5/11/94 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 5/11/94 12:50:00 AM | 01 - OCCOQUAN FACILITY |
| From: | 11/28/94 12:30:00 AM | 01 - OCCOQUAN FACILITY |
| To: | 11/28/94 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 6/12/96 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 6/12/96 12:50:00 AM | 01 - OCCOQUAN FACILITY |
| From: | 11/1/96 12:30:00 AM | 01 - OCCOQUAN FACILITY |
| To: | 11/1/96 12:50:00 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| From: | 7/30/97 12:30:00 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| To: | 7/30/97 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 9/2/97 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 9/2/97 12:50:00 AM | 70 - YOUNGSTOWN (OHIO) |
| From: | 9/14/97 12:30:00 AM | 70 - YOUNGSTOWN (OHIO) |
| To: | 9/14/97 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 9/15/97 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 9/15/97 12:50:00 AM | 07 - COURT |
| From: | 9/15/97 1:00:01 AM | 07 - COURT |
| To: | 9/15/97 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 10/31/97 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 10/31/97 12:50:00 AM | 07 - COURT |
| From: | 10/31/97 1:00:01 AM | 07 - COURT |
| To: | 10/31/97 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 11/7/97 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 11/7/97 12:50:00 AM | 07 - COURT |
| From: | 11/7/97 1:00:01 AM | 07 - COURT |
| To: | 11/7/97 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 7/27/98 12:30:00 AM | 88 - MAXIMUM SECURITY |

| | | |
|---|---|---|
| To: | 7/27/98 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 7/27/98 1:00:01 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 7/27/98 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 8/31/98 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 8/31/98 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 8/31/98 1:00:01 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 8/31/98 1:20:01 AM | 88 - MAXIMUM SECURITY |
| From: | 11/4/98 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 11/4/98 12:50:00 AM | 07 - COURT |
| From: | 11/5/98 12:30:00 AM | 07 - COURT |
| To: | 11/5/98 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 11/19/98 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 11/19/98 12:50:00 AM | 73 - RED ONION (VIRGINIA) |
| From: | 2/3/99 12:30:00 AM | 73 - RED ONION (VIRGINIA) |
| To: | 2/3/99 12:50:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 2/17/99 12:30:00 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 2/17/99 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 4/27/99 12:30:00 AM | 88 - MAXIMUM SECURITY |
| To: | 4/27/99 12:50:00 AM | 72 - SUSSEX 2 (VIRGINIA) |
| From: | 9/30/00 12:30:00 AM | 72 - SUSSEX 2 (VIRGINIA) |
| To: | 9/30/00 12:50:00 AM | 88 - MAXIMUM SECURITY |
| From: | 10/26/00 10:49:02 AM | 88 - MAXIMUM SECURITY |
| To: | 10/26/00 11:04:26 AM | 72 - SUSSEX 2 (VIRGINIA) |
| From: | 2/14/01 2:54:13 PM | 72 - SUSSEX 2 (VIRGINIA) |
| To: | 2/14/01 2:58:10 PM | 73 - RED ONION (VIRGINIA) |
| From: | 3/16/01 11:32:00 AM | 72 - SUSSEX 2 (VIRGINIA) |
| To: | 3/16/01 11:35:30 AM | 73 - RED ONION (VIRGINIA) |
| From: | 4/25/01 4:06:33 PM | 73 - RED ONION (VIRGINIA) |
| To: | 4/25/01 4:16:41 PM | 20 - UNLISTED FEDERAL FACILITY |
| From: | 5/29/01 7:36:53 AM | 20 - UNLISTED FEDERAL FACILITY |
| To: | 5/29/01 7:48:21 AM | 72 - SUSSEX 2 (VIRGINIA) |
| From: | 7/10/01 12:48:00 PM | 72 - SUSSEX 2 (VIRGINIA) |
| To: | 7/10/01 1:18:38 PM | 00 - UNKNOWN |

## Booking History

| Booking# | Committment Date | Release Date | |
|---|---|---|---|
| 18813800 | 06/22/1977 | N/A | <<<----Displayed Above |

*The Washington, DC Department of Corrections updates this information regularly. Therefore,*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

188.38
MOD. FAC.

United States of America
District of Columbia

*IN JAIL*

Case No. F-4270-86k

PDID No. 18-041

vs.

George Carter

Exhibit "A"
8

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____
K) Carrying a Pistol w/o License

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
The sentence is as to count K One year
to run consecutively to any other sentence.

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

10-14-88
Date

ATTACHMENT I
8

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

10-14-88
Date

March 2005

Exhibit "B"
9

George E. Carter #01466-000
Federal Corrections Institution- Gilmer
P.O. Box 6000
Glenville, WV 26351

RE: United States v. George E. Carter
(Court Case Number Unknown)

*Henry J. Brown*

Clerk of the Court
Superior Court of the District of Columbia
500 Indiana Ave, N.W.
Wash, D.C. 20001

Dear Clerk:

Yes, I will like to get a copy of the above-referenced case. I am trying to prove that I did not receive a term of one year - Court K for carrying a pistol without a license by an unknown judge dated on October 14, 1988. I will appreciate it very much if you can assist me in the matter.

Respectfully written,

*George Carter*

c: Clerk/GEC

Exhibit "F"

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Exhibit 9A     Case No. F 8157-86 D
PDID No. 298-775

vs.

Craig L Carter

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of

Attempted Unlawful Distribution of PCP

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to One to

Five Years

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. PSI Attached

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ [see reverse side for payment instructions]. The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ 100 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials and that the copy shall serve as the commitment/order for the defendant.

Dec 15 1936          MAR 14 2005
Date                                          Judge

Certification by Clerk pursuant to Criminal Rule 32(d):

Dec 15 1936                    Clerk, Superior Court of the District of Columbia
Date

By _____                    _____ Deputy Clerk
     Deputy Clerk

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Goldenrod — Mayor's Office
Goldenrod — U.S. Attorney/Corporation Counsel
Goldenrod — Defense Attorney
Goldenrod — Bureau of Prisons

Form CDI70-1045 Feb. 86

May 3, 2005

Exhibit 11

GEORGE E. CARTER #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, W.VA. 26351

RE: CARTER v. UNITED STATES,
F4270-86(K)

Clerk of the Court
Superior Court for the Dist. of Columbia
00 Indiana Ave, N.W.
Wash, D.C. 20001

DEAR CLERK:

Yes, On March 4, 2005, I had written a letter in regards to the above-referenced case. I requested for a copy of Judgment and Commitment Order document. You had provided me the same false document as the one in my person file. ... On March 1, 2005, you had stamped file a false document with an illegible signature thereon; Furthermore, You had written another judge signature on it.

Clerk, I have given you an opportunity to amend record under this particular false case file by another judge who has nothing to do with it; Therefore, You had not given me other alternatives but to file criminal charges and civil action suit for violating the laws and rights of a convicted prisoner. You had conspired with the assigned prosecutor, Donald Dixon, to falsify court document by acting jointly in concert which resulted in my deprivation of constitutional right. Both of you had agreed to commit unconstitutional acts by going beyond your official authority and duty to violate clearly established laws of fraud and forgery. This cause of action is prohibited by federal and state laws.

LETTER TO CLERK
MAY 30, 2005
PAGE 2

Clerk, On October 14, 1988, I did not appear in court. I was housed at the Federal Corrections Institution - Petersburg in Virginia getting processed by federal employees in the morning. After I got sentenced under criminal case file number F5773-86(E) by Judge Burgess dated on October 13, 1988, I was being transported directly from the court building to FCI-Petersburg. It is highly impossible for me to be present at two different location at the same time. I do have convincing material evidence that can not be disputed. It had to be the prosecutor or you who falsified and forged a court document to increase my punishment which had extended my expiration mandatory release, and parole eligibility dates.

Clerk, Do you want to lose your job for a corrupted prosecutor? Mr. Dixon was angry for losing the murder case. He retaliated against me by falsifying a court document and used you to aid and abet him. Please respond!

Respectfully written,

George E. Carter

1C: Clerk/GEC

March 4, 2005

Exhibit "D"
16

GEORGE E. CARTER #01466-000

Federal Corrections Institutions - Gilmer

P.O. Box 6000

Glenville, WV 26351


RE: Criminal Investigation


Michael Chertoff

Criminal Division

Department of Justice

Constitution Ave & 10th Street, N.W.

Wash, D.C. 20530


DEAR MR. CHERTOFF:

Yes, I am writing this letter in a form of criminal complaint/request that you conduct an adequate criminal investigation for fraud and forgery of court docket. Since I do not know specifically who has falsified and forged judicial signature for purpose of defrauding a judge of another court, I request politely for you to file criminal charges against the obligated and responsible record office staffs of the Federal Bureau of Prisons and the District of Columbia Department of Corrections forging and counterfeiting judicial signatures of a deputy clerk and a judge dated on October 14, 1988. [SEE, Attachment "A"] . . . I did not know that this false document existed until I filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia alleging that I was devied of statutory good time credits under the laws of District of Columbia dated on August 6, 2004. [SEE, Civil Action No. 1:04 CV 175]


On October 13, 1988, I was scheduled to appear in Superior Court for sentencing. See Criminal Case No. F5773-86K. . . . After I was sentenced by Judge Hamilton, I did return to Modular Facility in Lorton, VA. I was later told I did not go . . . .

LETTER TO Michael CHERTOFF
MARCH 4, 2005.
Page 2

From the court building without packing personal belongings to Federal Corrections Institution-Petersburg. See, Attachment B and C ] ... From 10-13-88 to 1-19-89, I was plain the custody of the Federal Bureau of Prisons. I did not receive the same Federal registration number. I received a different Federal number. That number was 00383-007. Prior to the new discovered evidence, I did not have any knowledge of this false document. This false document was concealed and suppressed from me by the Assigned record office staffs, case managers, and lawyers. I could not challenge or contest this false document due to suppression; Furthermore, I declare under penalty of perjury that I did not appear in court on 6-4-88 to receive one year term.

Sir, If it were not for the response filed by Alan G. McGonigal, Asst. United States Attorney to the petition, I would not have known of its existence. This false document was used as material to influence the decision of decisionmaking body. This is a direct violation of 1.S.C. § 505 ... In United States v. Cowan, 116 F.3d 1360 (10th Cir. 1997), the court noted that the defendant's action of forging a judicial signature affected the victim's right to have his claims heard and was not an attempt to defraud the victim's property; However, The obligated and responsible government official(s) did in fact forge a judicial signature affecting my liberty interest rights to extend and increase punishment; Also, This false document had created hardships for me at my classification or evaluation meetings, parole eligibility meeting, and statutory good time credits; Hopefully, You will permit me to file criminal charges after your investigation against the responsible official. If you allow this fraud and forgery to continue, you are supporting this criminal act. This responsible official is not above the laws or regulations. I am attempting to prove it.

Sir, I am going to enclose this letter and three (3) exhibits in support of factual allegations. I am certifying it.

Respectfully written,