UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. CARTER,
    PLAINTIFF

-vs-

CIVIL ACTION NO. 1:06CV00113 (RCL)

RONALD DIXON, et al.,
    DEFENDANTS

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Pursuant to Rule 56, Federal Rule of Civil Procedure, plaintiff GEORGE E. CARTER requests this court to grant him summary judgement as to the liabilities of defendants listed in the complaint for damages for the denial to the plaintiff of his liberty interest by fabricating and falsifying judicial document such as a Judgement and Commitment Order which extended and increased both his dates and punishment. The reasons therefor are set forth in the plaintiff's affidavit and brief in the supportive motion.

DATED: April 7, 2006

Respectfully submitted,
George E. Carter
GEORGE E. CARTER #01466-000
Federal Corrections Institution
P.O. Box 6000
Glenville, WV 26351

RECEIVED
APR 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. CARTER #01466-000,
    Plaintiff

    -vs-        CIVIL ACTION NO: 1:06CV00113 (RCL)

RONALD DIXON, et al.,
    Defendants

### DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

GEORGE E. CARTER declares under penalty of perjury:

1.) I am the plaintiff in this case. The Complaint alleges that the plaintiff was divested of his liberty interest without due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and the laws of United States. Plaintiff submits this declaration in support of his motion for summary judgement on all of legal rights claims because there are clear factual disputes concerning these issues.

2.) Plaintiff is an inmate at FCI-Gilmer in West Virginia. Plaintiff discovered a false judicial document which extended all of his dates and increased his punishment in his prison files when he filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 in the United States District Court for the Northern District of West Virginia pertaining to D.C. GOOD TIME CREDITS (statutory) that was used as an exhibit in support of Respondents' declaration. Plaintiff did not have any knowledge of this false judical document prior to filing his habeas corpus. This false court document was concealed from plaintiff's inspection and/or review before he was scheduled for meetings such as classifications and parole. Due to this false court document, plaintiff received unfair classification's recommendations by increasing his total point base score, custody level, and etc. Plaintiff suffered adverse consequences and determinations by each prison institution wherever he was transferred.

3.) Plaintiff alleges that the named defendants pursued the same objective in an unlawful manner to complete an unlawful act by fabricating and falsifying a court document to guarantee adverse consequences and determinations against the plaintiff. Each defendant played a major role for the purpose of hindering, impeding, obstructing, or defeating the due course of justice within the prison system with intent to deny the plaintiff's benefits and equal protection of the laws or injure him for lawfully enforcing or

-2-

attempting to enforcing his legal rights within the Federal Bureau of Prisons under the Administrative Procedure Act and his legal rights within the judical branch of the Superior Court. Defendants either direct, or at least knew of and acquiesced in, the custom and practice that would result in the deprivation of Plaintiff's constitutional and civil rights. Due to conspiracy claim, plaintiff did not know that the defendants were conspiring against him by fabricating and falsifying a court document to extend his expiration, mandatory release, and parole eligibility dates. As a result, plaintiff has suffered cruel and unusual punishment to be free from atypical and significant hardships of imprisonment at an early possible parole release date. Defendants knew of the false representation which was made in reference to a material fact with the intent to deceive prison officials' evaluation reports of plaintiff.

4.) Defendants plotted a scheme to falsify a court document that would increase his punishment in the prison system. This false court document extended plaintiff's expiration date which also affected his mandatory release and parole eligibility dates. Plaintiff would not have been retaliated if he did not exercise his constit-

-3-

utional and civil rights against the defendants. Plaintiff does possess a right to petition the judicial branch without fear for redress. By asserting his legal rights under the First Amendment of the United States Constitution, plaintiff suffered adverse consequences and determinations as a result of defendants' constitutional and civil rights violations.

5. The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, entitle plaintiff to judgment, as explained in the brief submitted with this declaration.

Pursuant to 28 U.S.C. §1746, plaintiff declares under penalty of perjury that the foregoing is true and correct.

Dated: April 7, 2006

Respectfully submitted,
*George E. Carter*
GEORGE E. CARTER #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. CARTER,
    Plaintiff

-vs-   CIVIL ACTION NO. 1:06 CV 00113 (RCL)

RONALD DIXON, et al.,
    Defendants

## PLAINTIFF'S STATEMENTS OF UNDISPUTED FACTUAL ISSUES

Plaintiff has moved for summary judgment as to all his legal claims concerning conspiracy, Fifth, Eighth and Fourteenth Amendment rights violation, fraud and forgery by fabricating and falsifying a judicial document with the intent to deceive and punish that was made in reference to a material fact extending all of his dates and prolonging his punishment. Pursuant to Local Rule 7.1(H) of this court, the plaintiff submits the following list of genuine issues of material facts that require a favorable judgment and relief.

1.) Whether the false court document under F4270-86K fabricated by the defendants with the intent to deceive and to punish.

2.) Whether the plaintiff suffered "serious" damages of his liberty interest without due process of laws.

3.) Whether the defendants's actions caused plaintiff to suffer atypical and significant hardship of incarceration by acting vindictively with the intent to punish.

Dated: April 7, 2006

Respectfully submitted,
George E. Carter
GEORGE E. CARTER #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. CARTER,
    Plaintiff

    -vs-   :   CIVIL ACTION NO. 1:06CV00113 (RCL)

RONALD DIXON, et al.,
    Defendants

## BRIEF TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### STATEMENT OF THE CASE

This is a §1983 action filed by the plaintiff at Federal Corrections Institution-Gilmer seeking damages for compensatory, punitive and injunctive relief based upon conspiracy, Fifth, Eighth and Fourteenth Amendment Rights violations, fraud and forgery which he suffered in an atypical and significant manner.

### STATEMENT OF FACTS

The plaintiff's declaration is true and correct without opposing arguments from the defendants. The false court document will substantiate with reasonableness that causes "serious" damages of plaintiff's liberty interest rights.

### ARGUMENT
#### POINT 1

## THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PERMIT SUMMARY JUDGMENT FOR THE PLAINTIFF'S LEGAL CLAIMS

Summary judgment is to be granted only if the record before the court "shows" that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. . . . A "material" fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) . . . On January 13, 2006, the assigned judge had issued an Order to answer within sixty (60) days after service of this summon onto all defendants. [See, Attached exhibits A, B, and C]; Further, Plaintiff has provided additional two or three weeks awaiting responses from defendants.

As a general rule, an official is entitled to qualified immunity from damages if his conduct "does not violate clearly established statutory or constitutional rights of which a person would have known. In order for Carter to show that he was subjected to due process rights violation and cruel and unusual punishment while incarceration, he must prove that both defendants "acted with sufficiently culpable state of minds and that "the deprivation suffered or injury inflicted on [him] was sufficiently serious. Williams, 77 F.3d at 261.

-9-

Liberty interests can arise from two sources, the Due Process Clause itself and federal laws. Sandin v. Conner, 515 U.S. 472, 484, 132 L.ED.2d 418, 115 S.Ct. 2293 (1995). The Due Process Clause may create a liberty interest when the restraint imposed upon an inmate exceeds his sentence in an "unexpected manner." Id. (325 F.Supp.2d 705)... Supervisory officials may be held liable for the actions of their subordinates under § 1983 if the plaintiff can show: (1) that the supervisor had actual or constructive knowledge that his subordinates were engaged in conduct that posed "a pervasive and high risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was a "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Randall v. Prince George's County, MD, 302 F.3d 188, 206 (4th Cir. 2002); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); Bazan ex. rel. Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001); Poe v. Haydon, 853 F.2d 418, 425-26 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989); and Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). Both defendants were

-3-

aware of what they were doing when they violated plaintiff's rights. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). If the law was clearly established, "the immunity defense ordinarily should fail, since a reasonably competent official should know the law governing her/his conduct." <u>Harlow</u>, 457 U.S. at 818-19.

## Conclusion

For all of the foregoing reasons, the undisputed facts demonstrate that defendants have infringed upon the liberty interest of plaintiff without due process of law, in violation of plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments, among others, and have done so under color of law in violation of the Civil Rights Act, 42 U.S.C. §1983. Accordingly, plaintiff is entitled to summary judgment as a matter of law.

Dated: April 7, 2006

Respectfully submitted,
<u>George E. Carter</u>
George E. Carter #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

This certifies that on the 7th day of April 2006, a true and correct copy of the foregoing Summary Judgment was mailed to:

United States Attorney General
Department of Justice
950 Pennsylvania Ave, N.W.
Wash, D.C. 20530

AND

United States Attorney
501 3rd Street, N.W.
Wash, D.C. 20001

Respectfully Submitted,
George E. Carter
George E. Carter #01466000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

-5-