UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. CARTER,<br><br>    Plaintiff,<br><br>        v.<br><br>ROBERT MUELLER, et al.,<br><br>    Defendants. | Civil Action No. 06-113 (RCL) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se,* has filed a motion to appoint counsel and motion for summary judgment. Because plaintiff has failed to demonstrate that the defendants have been served a copy of the summons and complaint, the motions will be denied without prejudice.

The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). A district court has no duty to assist a plaintiff is locating a defendant's address for the purpose of service of process. *Barmes v. Nolan*, 123 Fed. Appx. 238, 249 (7th Cir. 2005). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice*, 2005 WL 3211694 at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

To properly serve a federal government employee in an official or individual capacity, a party is required to deliver a copy of the summons and complaint to (1) the officer or employee; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney

General of the United States at Washington, District of Columbia. Fed. R. Civ. P. 4(i)(1). In addition to these requirements, if a federal employee is sued in his individual capacity, a copy of the summons and complaint must be delivered to the defendant personally or left at his "dwelling house or usual place of abode." Fed. R. Civ. P. 4(e) & 4(i)(2)(B).

Plaintiff is advised that Rule 4(m) of the Federal Rules of Civil Procedure provides that the summons and complaint must be served on a defendant within 120 days after the filing of the complaint or the court "shall dismiss the action without prejudice" as to that defendant. Fed. R. Civ. P. 4(m). A court may dismiss an action *sua sponte* where the plaintiff has failed to comply with Rule 4(m). *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 282 (D.C. Cir. 1992); *Hilksa v. Jones*, 297 F.Supp. 2d 82, 88 (D.D.C. 2003). Accordingly, it is

ORDERED that plaintiff's motion to appoint counsel [2] is DENIED without prejudice. It is   FURTHER ORDERED that plaintiff show cause, within 15 days of this date, why this case should not dismissed for failure to effect service; and it is

FURTHER ORDERED that plaintiff's motion for summary judgment [3] is DENIED without prejudice.

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　ROYCE C. LAMBERTH
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: May 23, 2006