UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0113 (RCL) |
| | ) |
| RONALD DIXON, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT'S MOTION TO ENLARGE TIME
TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Federal Defendant, Ronald Dixon, respectfully moves for an enlargement of time to file an answer or otherwise respond to the complaint in this case pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure[1]. Defendant's response is currently due September 8, 2006. Defendant requests an enlargement of time until October 9, 2006, to file an answer or otherwise respond to the complaint.

Plaintiff, a *pro se* prisoner, bring this Bivens action against former United States Assistant Attorney Ronald Dixon in his official and individual capacity. Plaintiff has not completed proper service on this federal defendant at this time.

Because it is a Bivens action, the individual federal defendant sued in his personal capacity, has the opportunity to request legal representation by the Department of Justice ("DOJ"), pursuant to 28 C.F.R. § 50.15. The decision whether to grant such representation is made by the Torts Branch of DOJ headquarters and, if the request is approved, this Office would likely be

---

[1] In making this motion for an extension of time, the defendant Ronald Dixon does not waive any defense or defenses available to him under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

appointed as counsel.

The process begins, however, with a request from the federal employee and their respective agency. Defendant Dixon has started, but has not completed, the process of requesting DOJ representation from the Torts Branch. Accordingly, this Office cannot yet represent the defendant in his individual capacity.

Because the defenses of the individual federal defendant in his individual and official capacity will be quite similar, it makes sense for the Court to permit this Office to present a single response to the complaint at one time. Therefore, the enlargement will serve judicial economy.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[2]

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

## Certificate of Service

I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

George Carter
Reg. No. 01466-000
Gilmer Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351


on this 29th day of August, 2006.

                                                          /s/
                                     JOHN HENAULT, D.C. BAR # 472590
                                     Assistant United States Attorney