M04

88

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. FS 173-86 K
PDID No. 312--041

_George Carter_

vs.

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____
K) _Carrying a Pistol w/o License_

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
_The sentence is as to count K -_
_One year. Consecutively to another_
_sentence)_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_10-13-88_
Date

_Franklin Burgess_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_10-13-88_
Date

_Gresuma F. Gra_
Deputy Clerk

MOD. FAC.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*IN JAIL*

Case No. *F-4270-86K*

PDID No. _____

*George Carter*

vs

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____

*K) Carrying a Pistol W/o License*

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to

*The sentence is as to count K (one year)*
*to run consecutively to any other sentence.*

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed.
☑ **MANDATORY MINIMUM** term does not apply.
☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

*10-14-88*
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*10-14-88*
Date

_____
Deputy Clerk

EXHIBIT

10/27/2005 02:43 FAX                                                                    @001

SUPERIOR COURT OF ~~DISTRICT~~ OF COLUMBIA
CRIMINAL DIVISION -- Felony Branch

UNITED STATES OF AMERICA   **FILED**

    v.      :  Case No. F4270-86

GEORGE CARTER .

On July 19, 1988 the defendant in the above
captioned proceeding was convicted after a jury trial
before Judge Morrison of Carrying a Pistol Without a
License (D.C. Code § 22-3204), Count K in case number
F4270-86. The case was then referred to this Court
for sentencing.

On October 13, 1988, this Court sentenced the
defendant to one year in prison as to Count K, to be
served consecutively to any other sentence.

It has come to the attention of the Court that
two orders were signed sentencing the defendant to
serve one year in prison for Count K. One order is
marked case number F5773-86K and is dated 10/13/88.
The other order is marked case number F4270-86K and
is dated 10/14/88. A TRUE COPY

TEST: 10-27-05

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk





02/27/2006 12:13 FAX 8772828607   FBOP PAO   @002

☒002

Upon review of the case file, it has been determined that the order signed for case number F5773-86 was in error. Case number F5773-86 was replaced by case number F4270-86 prior to the defendant's trial.

THEREFORE, pursuant to Super. Ct. R. Crim. Pro. 35(a), this Court orders that the sentencing order bearing case number F5773-86K, dated 10/13/88, and sentencing the defendant "as to count K - one year" is vacated.

SIGNED IN CHAMBERS

October 25, 2005

A. Franklin Burgess, Jr.
Judge

Copies to be mailed to:

Mr. George Carter
Fed. Reg. 01466-000
FCI - Gilmer
P.O. Box 6000
Glenville, West Virginia  26351

Ms. Corrine Fletcher
Georgetown Criminal Justice
  Clinic
111 F Street, N.W.
Washington, D.C.  20001

Frances D'Antuono, Esquire
714 G Street, S.E.
Washington, D.C.  20003

A TRUE COPY
TEST: 10-27-05

Clerk, Superior Court of the
District of Columbia

By

2

10/27/2005 02:43 FAX                                                    ☒003

Robert D. Okun, Esquire
Chief, Special Proceedings
    Section, Room 11-858
U.S. Attorney's Office
Judiciary Center

BOP Designations and
    Sentence Computation Center
346 Marine Forces Drive
Grand Prairie, Texas   75051

Judge Henry F. Greene
Chambers 2440

A TRUE COPY
TEST: 10-27-05

Clerk, Superior Court of the
District of Columbia

By

Deputy Clerk

3

```
GIL0L  540*23  *          SENTENCE MONITORING           *      02-27-2006
PAGE 001        *          COMPUTATION DATA             *      13:30:49
                           AS OF 02-27-2006
```

REGNO..: 01466-000 NAME: CARTER, GEORGE E JR

```
FBI NO..........: 127263M1          DATE OF BIRTH: 02-02-1958
ARS1............: GIL/A-DES
UNIT............: B                  QUARTERS.....: B02-202L
DETAINERS.......: NO                 NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 08-14-2030

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-14-2031 VIA MAND REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F9266-85E
JUDGE..........................: HUHN
DATE SENTENCED/PROBATION IMPOSED: 03-18-1986
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 04-17-2001
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:
```

```
                   FELONY ASSESS   MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $00.00          $00.00          $00.00       $20.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00
```

---------------------CURRENT OBLIGATION NO: 010 ---------------------
OFFENSE CODE....:  644
OFF/CHG: DC CODE: 22-2901,3202(A)(1) ARMED ROBBERY

```
  SENTENCE PROCEDURE............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    27 YEARS
  MINIMUM TERM..................:     9 YEARS
  DATE OF OFFENSE...............: 11-30-1985
```

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ---------------------

```
COURT OF JURISDICTION..........: VIRGINIA, EASTERN DISTRICT
DOCKET NUMBER..................: CR 86-252-A
JUDGE..........................: CACHERIS
```

G0002      MORE PAGES TO FOLLOW . . .





```
  GIL0L  540*23  *           SENTENCE MONITORING          *    02-27-2006
  PAGE 002        *          COMPUTATION DATA             *    13:30:49
                              AS OF 02-27-2006

REGNO..: 01466-000 NAME: CARTER, GEORGE E JR


DATE SENTENCED/PROBATION IMPOSED: 11-19-1986
DATE WARRANT ISSUED..............: N/A
DATE WARRANT EXECUTED............: N/A
DATE COMMITTED...................: 04-17-2001
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO
SPECIAL PAROLE TERM..............:
            FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $50.00      $00.00         $00.00      $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO    AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 112
OFF/CHG: TITLE 18 USC 751(A)-ESCAPE

  SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM 1YR OR LESS
  SENTENCE IMPOSED/TIME TO SERVE.:    90 DAYS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
  DATE OF OFFENSE................: 04-24-1986

---------------------CURRENT JUDGMENT/WARRANT NO: 030 --------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F-4270-86(E,F,G)
JUDGE..........................: GREEN
DATE SENTENCED/PROBATION IMPOSED: 03-24-1988
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 04-17-2001
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...: PROPERTY:  NO  SERVICES:  NO    AMOUNT: $00.00




  G0002      MORE PAGES TO FOLLOW . . .
```

```
  GIL0L  540*23 *            SENTENCE MONITORING          *    02-27-2006
  PAGE 003        *          COMPUTATION DATA             *    13:30:49
                             AS OF 02-27-2006
```

REGNO..: 01466-000 NAME: CARTER, GEORGE E JR


---------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  644
OFF/CHG: DC CODE: 22-2901,3202(A)(1), 22-3204 ARMED ROBBERY, CARRYING A
         DEADLY WEAPON

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:   39 YEARS
  MINIMUM TERM...................:   13 YEARS
  DC MANDATORY MINIMUM TERM......:    5 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
  DATE OF OFFENSE................: 05-11-1986

---------------------CURRENT JUDGMENT/WARRANT NO: 040 ------------------------

  COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
  DOCKET NUMBER..................: F-4270-86K
  JUDGE..........................: ILLEGIBLE
  DATE SENTENCED/PROBATION IMPOSED: 10-14-1988
  DATE WARRANT ISSUED............: N/A
  DATE WARRANT EXECUTED..........: N/A
  DATE COMMITTED.................: 04-17-2001
  HOW COMMITTED..................: DC SUPERIOR COURT COMT
  PROBATION IMPOSED..............: NO
  SPECIAL PAROLE TERM............:


  RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  606
OFF/CHG: DC CODE: CARRYING A PISTOL WITHOUT A LICENSE

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
  DATE OF OFFENSE................: 05-11-1986




  G0002      MORE PAGES TO FOLLOW . . .
```

```
    GIL0L  540*23  *          SENTENCE MONITORING          *    02-27-2006
    PAGE 004         *          COMPUTATION DATA             *    13:30:49
                                AS OF 02-27-2006
```

REGNO..: 01466-000 NAME: CARTER, GEORGE E JR


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-27-2006 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010, 030 010, 040 010

```
DATE COMPUTATION BEGAN..........: 03-18-1986
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50
TOTAL TERM IN EFFECT............:     67 YEARS    90 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     67 YEARS     2 MONTHS    29 DAYS
AGGREGATED MINIMUM TERM.........:     22 YEARS     4 MONTHS    30 DAYS
COMBINED MANDATORY MINIMUM......:      5 YEARS
EARLIEST DATE OF OFFENSE........: 11-30-1985

JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                     11-30-1985    03-17-1986

INOPERATIVE TIME........: REASON     FROM DATE      THRU DATE
                          ESCAPE     04-24-1986    05-28-1986

TOTAL JAIL CREDIT TIME..........: 108
TOTAL INOPERATIVE TIME..........: 35
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: B069
PAROLE ELIGIBILITY..............: 01-11-2003
STATUTORY RELEASE DATE..........: 03-01-2031
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 10-05-2052
EXPIRATION FULL TERM DATE.......: 04-03-2053
```

G0002      MORE PAGES TO FOLLOW . . .

```
   GIL0L  540*23 *          SENTENCE MONITORING          *      02-27-2006
PAGE 005 OF 005 *          COMPUTATION DATA             *      13:30:49
                            AS OF 02-27-2006
```

REGNO..: 01466-000 NAME: CARTER, GEORGE E JR


NEXT PAROLE HEARING DATE........: 01-00-2006
TYPE OF HEARING.................: DC CODE OFFENDER REHEARING

PROJECTED SATISFACTION DATE.....: 02-14-2031
PROJECTED SATISFACTION METHOD...: MAND REL

REMARKS.......: ORDER DATED 10-27-05 VACATES COUNT K ON CASE F5773-86K.

S0055    NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE E. CARTER,**

        **Plaintiff,**

v.                                                    **Civil Action No. 1:05cv130**
                                                      **(Judge Keeley)**

**FEDERAL BUREAU OF PRISONS; HARLEY**
**LAPPIN, Director of the Federal Bureau of Prisons;**
**HARRELL WATTS, Administrator National Inmate Appeals;**
**KIM WHITE, Regional Director; K.J. WENDT, Warden;**
**DUANE BROWN, Inmate Systems Manager; D. MCADAMS,**
**Unit Manager; and MRS. WHITLOCK, Case Manager;**

        **Defendants.**

### REPORT AND RECOMMENDATION

    Plaintiff initiated this case *pro se* on September 15, 2005, by filing a civil rights complaint.

Plaintiff filed an amended complaint on November 22, 2005. On January 18, 2006, a preliminary

review of the file showed that although summary dismissal of the original complaint was not

warranted, plaintiffs' amended complaint should be stricken. The plaintiff did not object to that

report and recommendation and it was adopted by the District Judge on February 8, 2006.

Accordingly, summonses were issued and the Clerk was directed to serve the original complaint on

the defendants.

    On May 15, 2006, the defendants filed a Motion to Dismiss, or in the Alternative, Motion

for Summary Judgment. On May 23, 2006, plaintiff filed a Memorandum in opposition to the

defendants' motion. On May 26, 2006, the Court issued a <u>Roseboro</u> Notice advising the *pro se*

plaintiff of his right to file responsive material to the defendants' dispositive motion and granting

him thirty (30) days to file any additional response he may have. Plaintiff filed an Affidavit in

support of his memorandum on June 5, 2006.



Accordingly, this case, pending before me for a Report and Recommendation pursuant to LR PL P 83.13, is ripe for review.

## I. The Complaint

In the complaint, plaintiff asserts that he is filing this action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and under the Privacy Act, 5 U.S.C. § 552a(d), (e)(5), (g)(1)(C), and (g)(4). In support of his claims, the plaintiff asserts that on August 6, 2004, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. See 1:04cv175. In that petition, the plaintiff challenged the Bureau of Prisons ("BOP") calculation of his D.C. statutory good time credits. On February 16, 2005, the respondents in case number 1:04cv175 filed a response to the petition which contained a declaration by Duane Brown ("Brown"), the Inmate Systems Manager at the Gilmer Federal Correctional Institution ("FCI-Gilmer"). In his declaration, Brown referenced a one-year sentence from the D.C. Superior Court issued on October 14, 1988. At that time, plaintiff realized that there was an incorrect Court document in his inmate file. Specifically, plaintiff asserts that he did not appear in Court on October 14, 1988, nor was he sentenced on that date to a one-year sentence.

Accordingly, on March 7, 2005, plaintiff filed an informal grievance with Brown regarding the "false" court document. In that grievance, plaintiff asserted that the October 14, 1988, Judgment and Commitment Order ("J&C") was false and requested that it be deleted from his files. In response to his request, Brown asserted that there was no evidence that the document was false or inaccurate. See Petition at Ex. 12A. Moreover, Brown found that plaintiff failed to substantiate his claim that the document was false or that he suffered any

2

damage as a result of the document. Id. Thus, plaintiff filed a formal grievance with the Warden.

In his response, Warden Wendt stated that plaintiff was challenging inaccurate records in his prison file and that he was further alleging that Brown was violating his constitutional rights. Petition at Ex. 13A. The Warden's investigation into the matter showed that the October 14, 1988, J&C from the D.C. Superior Court had been in plaintiffs' file since it was first compiled. Id. Warden Wendt found that there was no reason to believe that the judgment from the D.C. Superior Court was inaccurate and that plaintiff had failed to file adequate proof to substantiate his claims that his rights were being violated by Brown. Id. Therefore, plaintiffs' institutional grievance was denied. Id.

Plaintiff appealed the decision of the Warden to the Regional Office. In response to the plaintiff's regional appeal, K.M. White ("White") found that plaintiff was alleging that the BOP has administered an invalid J&C issued by the D.C. Superior Court on October 14, 1988. Defendants' Motion, Ex. B at Att. 2. Director White stated that the Warden had previously outlined the Orders currently on file with the BOP. Id. However, White reviewed plaintiffs' file and found that all the Judgment and Commitment Orders on file were signed and certified by the sentencing court. Id. Thus, because plaintiff had provided no compelling rationale to depart from the findings of the Warden, plaintiffs' appeal was denied. Id. Moreover, White advised plaintiff to address his concerns with the sentencing court. Id.

Plaintiff appealed the regional decision to the Central Office. Harrell Watts ("Watts"), the Administrator of National Inmate Appeals, found that plaintiff was alleging that the BOP had calculated his sentence computation based upon a false J&C issued on October 14, 1988, and

3

that plaintiff was seeking the deletion of that Order from his file. Petition at Ex. 15B. Upon a review of plaintiffs' file, Watts found that the Judgment in question was signed and certified by the D.C. Superior Court and that the BOP does not have the authority to change or delete a lawful order of the sentencing court. Id. Therefore, plaintiffs' appeal was denied. Id.

As grounds for relief, plaintiff asserts that each of the defendants knew that the document in question was false and that each defendant failed to act by amending or deleting the false document. Plaintiff asserts that under the Privacy Act, the defendants possessed the power to correct the false document and in fact, had a duty to do so when the false document was brought to their attention. Plaintiff asserts that at the very least, the defendants had a duty to investigate the document, but refused or failed to do so in violation of the Privacy Act and his constitutional rights. Thus, each defendant failed to accurately maintain the agency's records and violated plaintiff's constitutional rights.

As to his conspiracy claim, plaintiff asserts that the defendants acted jointly and in concert through the denial of his administrative remedies, which signifies an overt act in furtherance of the conspiracy. Plaintiff asserts that each defendant shared the same conspiratorial motives or objective -- to deny plaintiff's administrative remedies -- by failing to investigate the allegations contained therein.

Plaintiff asserts that as a result of the actions or inactions of the defendants, he received unfair determinations concerning his custody and security classifications. Therefore, plaintiff asserts that he is entitled to damages. Accordingly, plaintiff seeks an unspecified amount of money damages, actual damages as permitted under the Privacy Act, and the costs of this action.

## II. The Defendants' Motion to Dismiss

4

In the motion to dismiss, the defendants assert that this case should be dismissed, or summary judgment granted because:

(1) the BOP is the only appropriate defendant under the Privacy Act;

(2) there is a lack of personal jurisdiction over defendants Lappin, Watts and White;

(3) the complaint fails to state a claim under the Privacy Act; and

(4) plaintiffs' constitutional claims are not cognizable under § 1983, Bivens, or otherwise.

As further grounds for their motion, the defendants argue that the October 14, 1988 Order has been deleted from plaintiffs' file as per an Amended Order from the sentencing Court issued on October 25, 2005. Thus, this issue is now moot as the questioned Order is no longer being used to calculate plaintiff's sentence. Moreover, the defendants argue that plaintiff has failed to establish that he is entitled to monetary damages.

### III. Plaintiff's Memorandum and Affidavit in Support

In his memorandum in support of the plaintiff's opposition to the defendants' motion, the plaintiff asserts that the October 25, 2005, Order of the sentencing Court has not invalidated the October 14, 1988 J&C at issue in this case. Instead, the Order states that an error was made in case number F5773-86(k). Thus, the sentencing court vacated the Order in F5773-86(k), not F4270-86. Plaintiff states that this was in error and his claims regarding the one-year sentence imposed in case number F4270-86 on October 14, 1988 are not moot.[1]

Moreover, plaintiff asserts that the inclusion of the false court document in his prison file

---

[1] Because a review of the file shows that plaintiff is correct in this respect, the Court will not address the defendants' mootness argument in this Order. The amended order by the sentencing Court vacates an Order dated October 13, 1988 in case number F5773-86K, not the Order at issue in this case. See Defendants' Motion, Ex. A at Att. 6.

had an adverse effect on his parole eligibility date. Specifically, plaintiff asserts that had the false document been deleted and his sentence properly computed, he would have been eligible for parole consideration in 2001 instead of 2002. Additionally, plaintiff's rehearing would have been scheduled for 2004, instead of 2006. Plaintiff asserts that this causes him to suffer cruel and unusual punishment because he has lost the opportunity to be freed at the earliest possible parole date.

Next, plaintiff recognizes that the BOP is the only proper defendant for his claims arising under the Privacy Act. Plaintiff states that he properly named the BOP in his complaint, and any claims against the individual defendants are not raised pursuant to the Privacy Act.[2]

Plaintiff also argues that there is sufficient personal jurisdiction over defendants Lappin, Watts and White to maintain a cause of action against those defendants in this Court.[3] Plaintiff also asserts that he has established that he is entitled to monetary damages for the defendants failure to conduct an adequate investigation into the false court document which resulted in adverse penal determinations. Thus, plaintiff asserts that his Fifth, Eighth, and Fourteenth Amendment rights were violated by the defendants.

Finally, in his affidavit, plaintiff avers that he is entitled to relief for all the grounds raised in the complaint and in his opposition to the defendants' motion to dismiss. In addition, plaintiff elaborates on the circumstances surrounding his various criminal proceedings. Plaintiff asserts that in criminal case number F4270-86EFG there were only three counts. A count K was

---

[2] For this reason, the defendants argument regarding the proper defendant under the Privacy Act is MOOT.

[3] Because the Court finds that the plaintiff's claims should be denied on the merits, the Court has not specifically addressed the issue of personal jurisdiction with regard to these defendants.

6

not a part of that underlying case. Thus, the sentencing court's amended order is untrue. Case

number F5773-86(k) was not replaced by case number F4270-86 prior to trial.[4]

## IV.  Standard of Review

### A.  Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all

well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford

Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  Moreover, dismissal for failure to state a

claim is properly granted where, assuming the facts alleged in the complaint to be true, and

construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits,

exhibits and other documents to be considered by the Court, the motion will be construed as a

motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B.  Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories and admission on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c).  In applying the

standard for summary judgment, the Court must review all the evidence "in the light most

---

[4] To the extent petitioner argues that the amended order of the sentencing court is incorrect, that is
an issue that plaintiff must address in the sentencing court.

favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## V. Analysis

### A. Privacy Act Claims

Pursuant to the Privacy Act, 5 U.S.C. § 552a(e), each agency that maintains a system of records shall --

> (5) maintain all records which are used by the agency in making
> any determination about any individual with such accuracy,

8

> relevance, timeliness, and completeness as is reasonably necessary
> to assure fairness to the individual in the determination.

An individual may request the amendment of any record pertaining to him that the individual

believes to be inaccurate, irrelevant, untimely, or incomplete. § 552a(d)(2). If the agency has

failed to maintain an individual's records in accordance with § 552(a) or determines that an

individual's record should not be amended, the individual may bring a civil case against the

agency within the district court. § 552a(g)(1). Such a complaint shall be brought "in the district

court of the United States in the district in which the complainant resides, or has his principal

place of business, or in which the agency records are situated, or in the District of Columbia." §

552a(g)(5).

In support of the motion to dismiss, the defendants argue that plaintiff's claims must fail

because the Bureau of Prisons has exercised its authority to promulgate rules exempting records

maintained as part of the Inmate Central Record System from certain provisions of the Privacy

Act pursuant to 5 U.S.C. § 552a(j)(2). Section 552a(j) states:

> **General exemptions.** -- The head of any agency may promulgate
> rules, in accordance with the requirements (including general notice)
> of sections 553(b)(1), (2), and (3), (c) and (e)of this title, to exempt
> any system of records within the agency from any part of this section
> except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6),
> (7), (9), (10), and (11), and (I) if the system of records is --
> (1) maintained by the Central Intelligence Agency; or
>
> (2) maintained by an agency or component thereof which performs as
> its principal function any activity pertaining to the enforcement of
> criminal laws, including police efforts to prevent, control, or reduce
> crime or to apprehend criminals, and the activities of prosecutors,
> courts, correctional , probation, pardon, or parole authorities, and
> which consists of (A) information compiled for the purpose of
> identifying individual criminal offenders and alleged offenders and
> consisting only of identifying data and notations of arrests, the nature
> and disposition of criminal charges, sentencing, confinement, release,

9

and parole and probation status; (B) information compiled for the
purpose of a criminal investigation, including reports of informants
and investigators, and associated with an identifiable individual; or
(C) reports identifiable to an individual compiled at any stage of the
process of enforcement of the criminal laws from arrest or indictment
through release from supervision.

(Emphasis in original).

Upon review of 28 C.F.R. § 16.97, the undersigned agrees that the BOP has exercised its

authority to promulgate rules exempting records maintained as part of the Inmate Central Record

System from certain provisions of the Privacy Act. In particular, the BOP has exempted the

Inmate Central Monitoring System from § 552a(d) which permits a document to be amended.

See 28 C.F.R. § 16.97(a)(4). Thus, to the extent that plaintiff in this case seeks to have the J&C

of October of 14, 1988 deleted or amended in his inmate file, plaintiff is not entitled to that

relief.

However, notably missing from its exemption rules is a section exempting the Bureau

from maintaining the accuracy of an inmate's file under § 552a(e)(5), the other specific section

at issue in this case. Accordingly, this Court does have jurisdiction over plaintiffs' claim that the

BOP failed to maintain accurate records under § 552a(e)(5),[5] and the undersigned will examine

the merits of that claim.

In order to be entitled to collect damages for an agency's failure to maintain accurate

records, the plaintiff must show that "(1) there was [an] adverse determination; (2) the agency

---

[5] See 5 U.S.C. § 552a(g)(1)(C) which provides that the district courts have jurisdiction
over a case against an agency under the Privacy Act that alleges that the agency has failed to
maintain "any record concerning any individual with such accuracy, relevance, timeliness, and
completeness as is necessary to assure fairness in any determination relating to the qualifications,
character rights, or opportunities of, or benefits to the individual that may be made on the basis
of such record, and consequently a determination is made which is adverse to the individual. . ."

10

failed to maintain plaintiffs' records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's failure was the proximate cause of the adverse determination; and (4) the agency acted intentionally and willfully in its failure." Armstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 22 (D.C.Cir. 1997) (citing 5 U.S.C. § 552a(d), (e)(5), (g)(1)(c), (g)(1)(d) and (g)(4)).

Here, plaintiff cannot show that an adverse determination was made as a result of the BOP's failure to maintain accurate records. Although plaintiff asserts that he received a higher custody and classification score due to the inclusion of the October 14, 1988 J&C in his inmate file, that claim is refuted by the BOP's records and Program Statement 5100.07. According to plaintiff's extensive arrest history and the violent nature of his offenses, he would be classified as a medium security with a greatest severity offense inmate regardless of whether the October 14, 1988 J&C is in his inmate file or not. Defendants' Motion at Ex. C, Declaration of David McAdams ("McAdams Declaration"). Moreover, because plaintiffs' aggregate sentence is more than 20 years, with or without the additional one-year sentence, his public safety factor would require at least a medium security level. Id.

To the extent that plaintiff argues that the October 14, 1988 J&C adversely affected his ability to participate in education and work programs, that claim is refuted by the BOP's records. A review of plaintiffs' records show that he has completed numerous educational and vocational classes and that he is currently employed by UNICOR. McAdams Declaration at 1-2.

And, finally, to the extent that plaintiff asserts that the October 14, 1988 J&C adversely effected his parole eligibility date, that claim is without merit. Plaintiff admits that he did not know the October 14, 1988 J&C was a part of his inmate file until February 16, 2005, and it was

11

not until March 7, 2005, that plaintiff first requested that the BOP remove this Order from his file. Plaintiff's administrative requests were not completed until October 2005. However, at that point, plaintiff had already received his first parole eligibility hearing in 2001 and was already scheduled for rehearing in 2006. Thus, plaintiff cannot show that the failure of the BOP to amend his records through the administrative remedy process caused plaintiff any adverse parole consideration. In addition, an inmate has no constitutional right to even be paroled, let alone a constitutional right to have his parole eligibility determined on a particular date. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979).

Moreover, even if plaintiff could show that the October 14, 1988 J&C was used to make adverse determinations against him, plaintiff still cannot show that the BOP acted intentionally or willfully.

"To establish willful intent, a plaintiff must demonstrate something greater than gross negligence. This can be shown when an agency acts without grounds for believing it to be lawful or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." See Armstrong, 976 F.Supp. at 22 (internal citations and quotations omitted); see also Scrimgeour v. Internal Revenue Service, 149 F.3d 318, 326 (4th Cir. 1998) ("the standard for intentional or willful behavior under the Privacy Act has been articulated as an act committed without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act") (internal quotations omitted).

Here, the October 14, 1988 J&C had been included in plaintiffs' inmate file since his incarceration. By his own admission, plaintiff did not even know the Order existed until

February of 2005. At that time, plaintiff filed administrative remedies seeking the deletion of the

Order from his file. Although plaintiff argued that the document was false, that is really a

misrepresentation of the facts. The Order was not false. It was signed and certified by the D.C.

Superior Court and was a valid and lawful order. The BOP had no choice but to include the

Order in plaintiff's file and use it to calculate his sentence.

However, as was later determined by the sentencing court, one of the Orders in plaintiffs'

file was duplicative and erroneous and the error was corrected by the sentencing court.

Defendants' Motion, Ex. A at Att. 6. As soon as the BOP received confirmation of the

correction, his inmate file was corrected to reflect the findings of the sentencing court. Id. at Att.

7. Thus, plaintiff has failed to show that the BOP willfully or intentionally failed to accurately

maintain his file.

## B. Constitutional Claims

In the complaint, the plaintiff asserts that despite his remedy against the BOP under the

Privacy Act, he is also entitled to damages against the individual federal defendants who denied

his requests to have the Order deleted from his file. Specifically, but without much elaboration,

plaintiff claims that those individuals violated his rights under the Fifth, Eighth, and Fourteenth

Amendments in denying his requests.

Unlike claims against state actors under 42 U.S.C. § 1983, constitutional claims against

individual federal employees are not statutorily authorized. Rather, those claims were created

only through judicial authority. See Bivens v. Six Unknown Named Agents of the Federal

Bureau of Narcotics, 403 U.S. 388 (1971). Therefore, claims against federal employees are

subject to the limitations of that judicial authority.

13

In Carlson v. Green, 446 U.S. 14 (1980), the Supreme Court found two instances in which a Bivens action cannot be maintained. First, when there are "special factors counseling hesitation in the absence of affirmative action by Congress." Carlson, 446 U.S. at 18. Second, when "Congress has provided an alternative remedy which is explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." Id. at 18-19 (emphasis in original). Here, it appears that Congress has not explicitly declared the Privacy Act to be a substitute for an action directly under the Constitution. See Williams v. Dept. of Veteran Affairs, 879 F.Supp. 578, 585 (E.D.VA. 1995). Thus, the question in this case is whether or not the provisions of the Privacy Act constitute "special factors" that counsel against providing an additional remedy under the constitution.

In Bush v. Lucas, 462 U.S. 367 (1983), the Supreme Court found the "special factors" exception applicable where a statute provides elaborate and comprehensive regulations which adequately protect the intended parties and provide detailed and meaningful remedies. Bush, 462 U.S. at 385. In so doing, the Court found that it would be inappropriate to supplement such a regulatory scheme "with a new judicial remedy." Id. at 368. Moreover, in Schweiker v. Chilicky, 487 U.S. 412, 421 (1988), the Supreme Court subsequently stated that it is hesitant to extend Bivens beyond the three areas in which relief has been permitted because it is unwilling to augment a legislative scheme with judicially imposed remedies.[6]

"Bush and Chilicky provide significant insight into the meaning and proper application of the 'special factors' exception to Bivens actions. Those decisions make plain that even where

---

[6] The three areas in which Bivens relief has been permitted is the Fourth Amendment, Fifth Amendment Due Process Clause, and violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Williams v. Dept. of Veteran Affairs, 879 F.Supp. at 586, n 14.

Congress has not explicitly indicated that a given statutory or regulatory scheme is intended to substitute, rather than merely supplement, recovery directly under the Constitution, <u>Bivens</u> actions may yet be inappropriate where that legislative scheme provides meaningful remedies for the proscribed conduct." <u>Williams v. Dept. of Veteran Affairs</u>, 879 F.Supp. at 586.[7] The Court in <u>Williams</u> further found that "the Privacy Act directly addresses and regulates the conduct of which [the plaintiff] complains." <u>Id.</u> Thus, the <u>Williams</u> Court found that the plaintiff was not entitled to maintain a separate <u>Bivens</u> action for that same conduct because although the Act "does not provide remedies against individual officials who disobey its terms, it does provide aggrieved parties with significant remedies against the offending agency." <u>Id.</u>

As in <u>Williams</u>, the conduct complained of in the instant case, the failure to maintain accurate records, is expressly addressed and regulated by the Privacy Act. Thus, because the Act provides plaintiff with significant remedies against the BOP, the "special factors" exception applies and plaintiff is not entitled to bring a <u>Bivens</u> action against the individual federal employees who physically maintained his records and/or answered his grievances concerning the October 14, 1988 Order. Nonetheless, even if this Court could examine the merits of plaintiffs' constitutional claims against the individual federal defendants, plaintiffs' claims would fail for the following reasons:

### 1. The Fifth and Fourteenth Amendments

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party

---

[7] In <u>Williams</u>, a veteran challenged the conduct of a counselor at a veteran's clinic, the director of the clinic, and the director's secretary in disclosing confidential, personal medical information regarding his treatment. Petitioner challenged those actions under <u>Bivens</u> although plaintiff had a remedy against the agency under the Privacy Act.

claim, shall contain (1) a short and plain statement of the grounds upon which the court's

jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is*

*entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis

added)  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail

often is required than the bald statement by plaintiff that he has a valid claim of some type

against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th

Cir. 2001) (citation and internal quotations omitted).  This is particularly true in a Bivens action

where "liability is personal, based upon each defendant's own constitutional violations."

Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

    In the instant case, plaintiff merely makes a "bald statement" that he has a valid Fifth and

Fourteenth Amendment claim against the defendants without being more specific.  Thus, the

plaintiff fails to state a Fifth and Fourteenth Amendment claim and those claims should be

dismissed.  See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper

where there were no allegations against defendants).

    2. The Eighth Amendment

    In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v.

Brennan, 511 U.S. 825 (1994).  In order to comply with the Eighth Amendment, prison

punishment must comport with "the evolving standards of decency that mark the progress of a

maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  "A prison official cannot be

found liable under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or

safety;  the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan,

511 U.S. at 837.

Here, the Court has already found that the defendants failed to act in an intentional or

willful manner.  Moreover, the Court is of the opinion that the failure to correct the document in

question does not rise to the level of an Eighth Amendment violation.  Thus, plaintiff has failed

to show that the failure of the defendants to amend his inmate file was cruel and unusual

punishment.

## C. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable. For the purposes of this section, any Act of Congress
> applicable exclusively to the District of Columbia shall be
> considered to be a statute of the District of Columbia.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in

this case, a case against a federal agency and federal employees.  See also Gomez v. Toledo, 446

U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who

acted under color of *state* law) (emphasis added).

## D. <u>Conspiracy Claims</u>

In order to state a claim under §1985(3), a plaintiff must allege and prove the following four elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." <u>Simmons v. Poe</u>, 47 F.3d 1370, 1376 (4th Cir.1995). Conclusory allegations of a conspiracy, meaning those without concrete supporting facts, are insufficient to state a claim. <u>Id.</u> at 1377.

Plaintiff has only made a conclusory allegation that the defendants were involved in a conspiracy. Further, he has failed to state the defendants were motivated by a class-based discriminatory intent and he failed to  state a claim that his constitutional rights were violated. Thus, plaintiff has failed to state a claim under § 1985 and his conspiracy claims should be dismissed.

### VI.  <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (dckt. 43) be GRANTED and this case be DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right

18

to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §

636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4<sup>th</sup> Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984);

<u>Wright v. Collins</u>, 766 F.2d 841 (4<sup>th</sup> Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se*

plaintiff and counsel of record, as applicable.

DATED: August 23, 2006.


/s/ James E. Seibert

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE


19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE E. CARTER
      Plaintiff,

v.                               CIVIL ACTION NO. 1:05CV130

FEDERAL BUREAU OF PRISONS,
et al.,
         Defendants.

## DECLARATION OF DAVID MCADAMS

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, do hereby make the following declaration:

1.  I am a Unit Manager at the Federal Correctional Institution (FCI) Gilmer.

2.  As a Unit Manager I have access to records maintained by the Bureau of Prisons regarding federal inmates. This information includes, but is not limited to, access to the Bureau of Prisons' SENTRY computer database, which tracks the status and activities of inmates while in federal custody, Judgment and Commitment files, and Central Files.

3.  I understand inmate Carter, Register Number 01466-000, alleges the D.C. Order that was later vacated effected his custody classification.

4.  The D.C. Order did not effect any aspect of inmate Carter's custody classification.

5.  Based on inmate Carter's extensive arrest history and the violent nature of his offense, he is a medium security inmate with a greatest severity offense, with or without the additional one year sentence imposed by the D.C. Order.

6.  Whether inmate Carter's sentence is 67 years and 90 days or 68 years and 90 days, his mandatory release date exceeded 20 years and the public safety factor for sentence length mandated that inmate Carter be housed in at least a medium security facility.

7.  Inmate Carter's ability to participate in education and work programs was not effected by the D.C. Order.

8.  Inmate Carter has completed a number of educational and vocational classes, including Welding Techniques, Inmate Tax Preparation, and Typing.



GOVERNMENT
EXHIBIT

9.      Inmate Carter is currently employed by UNICOR as a welding apprentice.

10.     The D.C. Order did not effect his status with the U.S. Parole Commission.

11.     Inmate Carter was granted a parole hearing while at FCI Edgefield, South Carolina, on October 24, 2002, after serving 201 months. Parole was denied, however, as he had not yet met his parole eligibility date.

12.     The Notice of Action issued on November 13, 2002, indicated that inmate Carter would be reconsidered for parole after the service of 36 months from his parole eligibility date of January 11, 2003.

13.     Based on this 2002 notice of action, inmate Carter was eligible for parole reconsideration as of January 11, 2006.

14.     FCI Gilmer operates on a 13 week parole hearing cycle.

15.     The parole board next meets on March 2006.

16.     Inmate Carter is currently on the March 2006 parole docket.

17.     Attached are true and accurate copies of the following documents;

        Attachment 1: Notice of Action issued on November 13, 2002

        I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

        Executed this **17** day of March 2006.

                                        David McAdams, Unit Manager
                                        FCI Gilmer

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

Notice of Action

Name: CARTER, George
Register Number: 01466-000
DCDC No: 186-138

Institution: Edgefield FCI

Date:    November 12, 2002

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in January 2006, after the service of 36 months from your parole eligibility date of January 11, 2003.

**REASONS:**

Your Total Guideline Range is 267-293 months. See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score, Base (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current criminal behavior for a total of 201 months as of October 24, 2002.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Dutton, NCSA
CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C.  20001

CARTER  01466-000                    -4-                    Clerk:   VAH

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   *Salient Factor Score (SFS-98) Item Explanations*

0     **A - Prior convictions/adjudications** (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0     **B - Prior commitments of more than thirty days** (adult or juvenile) None = 2; One or two = 1; Three or more = 0

3     **C - Age at commencement of the current offense/prior commitments of more than thirty days** (adult or juvenile) (see table below for an explanation)

0     **D - Recent commitment free period (three years)**
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0     **E - Probation/parole/confinement/escape status violator this time**
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0     **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) = 1; Otherwise = 0

3     Salient Factor Score (SFS-98) (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts**   *Base Point Score Category Explanations*

5     **I - Contribution from Salient Factor Score**
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

4     **II - Current or Prior Violence**
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of a firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

0     **III - Death of Victim or High Level Violence** (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

7     Base Point Score (sum I-III above)

CARTER 01466-000

-2-

Clerk   VAH

## DISCIPLINARY GUIDELINES

You escaped or attempted to escape from secure/non-secure custody without prompt voluntary return on 1 occasions [8-16 months each], which requires 8-16 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 8-16 months, which is to be added to your base point score guideline range

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

Not Applicable

## TOTAL GUIDELINE RANGE

- 54 — 72    Base Point Score Guideline Range
- 205 – 205    Months Required to Serve to Parole Eligibility Date
- 8 — 16    Disciplinary Guideline Range
- 0 — 0    Superior Program Achievement Award (If applicable)

- 267 – 293    Total Guideline Range

| Base Point Score | Guideline Range | Age | Prior Commitments | | |
|---|---|---|---|---|---|
| | | | 0-3 | | |
| 5 or less | | | | 2 | |
| | 12-18 months | | | 2 | |
| | 18-24 months | 22-25 | | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | | | | |
| 8 | 12-96 months | | 0 | 0 | |
| 9 | 110-140 months | | | | |
| 10 | 138-172 months | 0-19 | 0 | 0 | 0 |

# HEARING SUMMARY

**Name:  Carter, George**                                    Reg No: **01466-000**

## Hearing Parameters

| | |
|---|---|
| Hearing Format .............................: | **In Person** |
| Hearing Type .................................: | **Reconsideration** |
| Hearing Date .................................: | 3/22/2006 |
| Examiner .......................................: | Donna A. McLean |
| Institution .....................................: | Gilmer FCI |

*Exhibit 6
Submitted by defendants.*

## Sentence Parameters

| | |
|---|---|
| Sentence Type ...............................: | **DC Parole Eligible** |
| MR/Statutory Release ...................: | 11/01/2031 |
| Full Term Date ..............................: | 04/03/2054 |
| Months in Custody ........................: | 243 months as of 3/26/2006 |
| Fines/Restitution/Assessment .......: | None |
| Detainer.........................................: | None |

**Additional text regarding the above parameters:** None

## Prior Action & Institutional Factors

**Prior Action:**  Please refer to Prehearing Assessment dated 3/15/2006.

**Codefendants:** None

**Representative & Representative's Statement:** None

**Prisoner's Statement:**  Mr. Carter explained that he was convicted of the first Robbery and while serving time at Lorton he escaped.  He stated that the reason he escaped was to seek revenge on a male that had beat his sister up in the community.  He added that after escaping he lived the life of a homeless person and would robb people to survive.  He adamantly stated that he only robbed people who he knew were also doing wrong (drug dealers/other criminals) as they were less likely to report the crime.  He swore he never harmed any upstanding citizens and those people doing the right things.  He expressed that he was found guilty by a Jury of the 2nd Robbery offense, but pled guilty to the other cases.  In closing, the subject stated that he is a very different man today than the man that committed the aforementioned offenses.  He explained that he now believes in himself and have learned to love himself because when he was out there wild and crazy he did not care about himself or anyone else.  Today he cares about himself and others and believes he is ready to be a productive member of society.

**Discipline:** None

Carter, George, Reg. No. 01466-000

Case 1:06-cv-00113-RCL    Document 13-2    Filed 11/09/2006    Page 36 of 39
Case 1:05-cv-00130-IMK-JES   Document 52-2    Filed 08/30/2006    Page 2 of 5
Case 1:05-cv-00130-IMK-JES   Document 53    Filed 08/30/2006    Page 2 of 5

**Program Achievement:** The subject is currently unassigned; however, in the past he was assigned to UNICOR as a Welder where he constantly received outstanding work performance reports. He has completed the following programs: Basic Theory and Welding Technique (5/24/2005); Income Tax Preparation (5/21/2004); General Psychology (1/15/1991); Into to Political Science (5/23/1991); Career Counseling Interview (7/21/1991); and Career Counseling Individual (7/21/1991). He is currently taking an ACE Typing Course.

**Superior Program Achievement Award Recommendation:** This recommendation includes a 12 month credit for Superior Program Achievement; specifically, your outstanding work performance in UNICOR as a certified welder.

**Release Plans:** Upon release the subject plans to reside with his Daughter, Shawntai Johnson at 3817 9th Street, SE, Washington, DC 20032. Her telephone number is 202-561-6693. He added that he plans to seek employment as a certified welder or as a paralegal specialist.

## Guideline Parameters, Evaluation & Recommendation

**Salient Factor Score:** 3
**Base Point Score:** 7

Base Point Score Guideline Range: ................................54-72
Months to Parole Eligibility Date: ................................205-205
Disciplinary Guidelines BEFORE Last Hearing: ..............8-16
Superior Program Achievement BEFORE Last Hearing: ..0-0
  Guidelines in Effect: ................................267-293
Disciplinary Guideline SINCE Last Hearing:......................0-0
Superior Program Achievement SINCE Last Hearing: ..12-12
Total Guideline Range: ................................255-281

**Evaluation:** Mr. Carter is currently 48 years old having committed the base offense at the age of 27. He has a history of assaultive activities. The subject now appears for Reconsideration for Parole after receiving a 3 years continuance at his Initial Hearing. His Previous Guideline Range was 267-293 months. Since his last hearing (10/24/2002), he has maintained a clear conduct record and has participated in programs. While confined the subject has been employed for many years as a certified Welder in UNICOR, where he received satisfactory to outstanding work performance reports. As a result, this examiner recommends that the subject is awarded 12 months credit for SPA, which is 1/3rd of his pervious continuance (36 months). Consequently, the subject's Total Guideline Range is now 255-281 months. As of 3/29/2006, he has served 243 months towards his guidelines. Thus, it is the recommendation of this examiner that the subject is granted a PP date after the service of 255 months. The additional time is to allow for the subject to benefit from placement in a CCC prior to his Parole date and for release planning purposes.

**Recommendation:** Continue to a presumptive parole on 3/22/2007 after the service of 255 months.

**Conditions:** Mental Health Aftercare (Anger Management)

**Statutory Interim Hearing:** N/A

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** N/A

**I certify that I have reviewed this hearing summary.**

*Donna A. McLean*

Donna A. McLean, Hearing Examiner

DAS
April 3, 2006

**Executive Reviewer's Comments:** (by S. Husk on 4/17/06)

I disagree with the guidelines that were calculated at the last hearing. Specifically, at the last hearing, the offense that occurred on 11/30/85 was counted as a prior conviction and commitment rather than as part of the current offense behavior. Also, at the last hearing, the Commission added 8 to 16 months for escape. It should be noted that Jones is currently serving an aggregate of 22 years, 8 months and 30 days to 68 years and 90 days based on a series of crimes that occurred in 1985 and 1986. (See pages 2 and 3 of the hearing summary dated 10/24/2002 for explanation on how the guidelines were previously assessed).

Jones committed the first crime on 11/30/85. On this date, the complainant reported to police that two suspects followed him into his apartment building and told him that they had seen him driving his car. The two suspects forced him back to his car and ordered him to drive them to Ballou High School where they robbed him of $7. He pled guilty to Armed Robbery in F9266-85E and, on 3/18/86, was sentenced to 9 to 27 years. (Note: At his                  READ
initial parole hearing in 2002, Jones denied that he kidnapped his victim and stated that he ⟶
was filing suit to have this description overthrown. However, there is no indication that he was exonerated
⟵ regarding the kidnapping allegation. The police report is marked in Section IV of the file and, in my opinion,
supports a finding that he committed the offense as described by the victim).

After being sentenced on 3/21/86, Jones escaped on 4/24/86 and remained on escape through 5/28/86. He was convicted of escape in U.S. District Court for Eastern District of Virginia. While on escape, he committed an armed robbery on 5/11/86 resulting in convictions on four counts in D.C. Superior Court Case #F4270-86. He also has a separate conviction for Carrying a Pistol Without a License in F5773-86. This appears to be a lesser included offense from a charge of Second Degree Murder that was filed on 7/16/86. The exact date of this criminal behavior is unknown. However, there is a judgment in the file to indicate that he pled guilty to the count that charged him with Carrying a Pistol without a License.

His convictions for escape in U.S. District Court for E. VA and his convictions in DC Superior Court for Case #F4270-86 and F5773-86 all resulted in consecutive sentences. These sentences, as well as the 27 year sentence imposed in F9266-85, are part of the total sentence of 68 years, 2 months and 29 days that he is currently serving. For this reason, I view all of these crimes as part of the "current offense behavior" and thus do not

Carter, George, Reg. No. 01466-000                    Page 3 of 5

believe the 11/30/85 crime should be treated as a prior conviction and commitment. For the same reason, I do not believe rescission guidelines should be added for the escape.

With this in mind, I believe that Carter has only five convictions and 2 prior commitments of more than 30 days. This changes the Salient Factor score from 3 to 4. Notwithstanding this, I believe the base point score of 7 remains unchanged. At the initial hearing, the current offense was not scored as "high-level violence." Notwithstanding the fact that Carter disputed the description of the 11/30/85 offense, I believe that the statement of the victim (as contained in the police report) is specifically detailed enough to believe that he kidnapped the victim before robbing him. Thus, I believe the base point score remains 7 and the base guideline range remains 54 to 72 months.

Carter has been in continuous custody since 11/30/85 less 35 days of inoperative time for his escape. Thus, he has been in "creditable custody" since on or about 1/3/86. His parole eligibility date of 1/11/2003 requires the service of about 17 years (204 months).

At the initial hearing, the examiner added 8 to 16 months for Carter's escape from custody on or about 4/24/86. As noted previously, I don't believe these guidelines should be added because the escape resulted in a sentence that is part of the aggregate sentence he is currently serving. However, the examiner at the initial hearing chose not to include three DHO level incident reports as part of the disciplinary guidelines. These were for a "200" level Assaulting without Serious Injury on 8/4/92 (DHO finding of guilt on 9/1/92), refusing to obey an order on 2/6/92 (DHO finding of guilt on 2/18/92) and refusing to obey an order on 2/7/92 (DHO finding of guilt on 2/11/92). I believe disciplinary guidelines of 0 to 6 months should be added for the DHO's findings of guilt. (Note: Because the assault without injury was assessed as a 200 level incident and there is no description of the incident in USPC file, I have not viewed the incident as criminal at this time).

In sum, I find the guidelines carried over to the current hearing are as follows:

Base Point Score Guideline Range = 54 to 72 months
+Months to Eligibility = 204 to 204 months
Disciplinary Guidelines = 0 to 6 months

258 to 282 months

The examiner at the current hearing has recommended that Carter receive a 12 month reduction in his guideline range based on superior program achievement since his last hearing. She basis this recommendation on the fact that Carter had received an outstanding work performance rating as a welder in UNICOR. This 12 month award presumes that Carter has programmed in an outstanding manner for the entire 3 year period since his last hearing. However, he did not have a work assignment at the time he appeared for his hearing on 3/22/06. He was transferred to FCI Gilmer on 7/2/2003. Thus, he had been confined at that institution for the 32 months preceding the hearing. I see no evidence from the file to indicate to me that he has programmed in a superior manner. He is currently unassigned a work detail. The reports in the file in the program review report is that his work performance rating was "satisfactory." The progress report indicates that he has not completed any counseling programs, Furthermore, the courses listed in the hearing summary appear to be one day seminars as opposed to intensive training courses. In sum, I find insufficient evidence to conclude that Carter has programmed in a superior manner for the 36 months that elapsed between his last hearing. Thus, I disagree with the SPA award.

I find that the total guidelines should remain as 258 to 282 months. Carter has been confined for 243 months as of 4/3/06. The examiner has recommended a parole date after 255 months which she believed to be the bottom of the guideline range. I do not support a decision at the bottom of the guideline range. The fact that Carter committed another crime of armed violence while on escape and also was convicted of possessing a weapon in F5773-86 indicate to me that he may be considered a more serious risk than his base point score already indicates. A decision to continue him to a 3 year reconsideration hearing in March 2009 will ensure that he will serve a minimum of 23 years and 2 months (278 months) prior to release. Thus, it ensures a decision toward the top of the guideline range. I believe that, at a minimum, such a decision is appropriate.

Because I believe the Commission's file alone contains sufficient information to warrant a decision for a three-year reconsideration hearing, I do not recommend a decision be deferred to find out more about the murder allegation in F5773-86. However, I believe that the Commission should attempt to obtain more information about this prior to the next hearing. Depending upon the specificity and reliability of any information received, the information obtained could affect either (1) whether the base point score should be raised to 8 due to "death of victim" in the current offense or (2) whether a decision outside the currently existing guideline range is warranted.

$$\begin{array}{r} 258 \\ 243 \\ \hline 15 \end{array}$$

$$12 \overline{)278}$$

Carter, George, Reg. No. 01466-000                    Page 5 of 5