UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. CARTER,
         Plaintiff

vs                                    Civil Action NO. 1:06cv00113 (RCL)

Ronald Dixon, et al
         Defendants

RECEIVED
MAR 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO COMPEL JUDGE'S SIGNATURE

Plaintiff GEORGE E. CARTER, pro se counsel, files this motion to compel the assigned judge's signature upon an official judicial document that was left unsigned dated on March 12, 2007. Plaintiff requests that this Court imposes sanctions pursuant to Fed. R. Civ. P. 37. Points and authorities in support of this motion are as follows:

### POINTS AND AUTHORITIES

1. Plaintiff filed a civil complaint in the above-captioned action dated on January 24, 2006, and properly served to Defendants.

2. Defendants' Attorney filed two motions for enlargment of time to respond to Plaintiff's complaint after sixty (60) days expired.

3. On November 14, 2006, plaintiff received an inadequate and incomplete copy of their motion to dismiss plaintiff's complaint. Due to the missing pages of Defendants' Motion to Dismiss such as 11, 12, 13, and 04, plaintiff was hampered and unable to prepare an adequate, effective, and meaningful opposition thereto.

4. On November 15, 2006, plaintiff filed a motion for enlargment of time and requested a complete copy of the motion to dismiss but his motion was denied as moot.

5. On November 29, 2006, plaintiff received a type notice from the clerk that his motion was denied after he explained his reason for an enlargment. Those missing pages might contained false assertions that Defendants did not want to be refuted.

6. Plaintiff is/was being denied access to civil court by the opposing parties for intercepting all of his legal correspondences. The assigned judge is manifesting a bias and prejudicial attitude against the plaintiff by authorizing a possible defendant to serve an unsigned judicial document. [See, Exhibits A, B, C, D, & E]

7. On March 12, 2007, plaintiff received an unsigned judicial document without a filing stamp thereon dismissing his case; Further, Plaintiff's motion for default judgment was denied... Plaintiff was unable to file his opposition to Defendants' Motion To Dismiss due to missing pages. Failure to serve a complete copy of their motion would result in unfair prejudice against the Plaintiff.

WHEREFORE, Plaintiff GEORGE E. CARTER respectfully requests that this Court order Defendants' to serve a complete copy of their motion to dismiss.

DATED: March 18, 2007.

Respectfully submitted,

*George E Carter*

GEORGE E. CARTER #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. CARTER,
    Plaintiff

-vs-   Civil Action NO. 1:06cv00113 (RCL)

RONALD DIXON, et al
    Defendants

## NOTICE OF APPEALS

Notice is hereby given that George E. Carter, plaintiff in the above-entitled matter, appeals to the United States Court of Appeals for the District of Columbia from the final bias judgment entered in this action dated on November 27, 2006 by the district court judge against the motion to enlargement of time to file a proper opposition. See, letter to the clerk... Exhibit "A"

DATED: December 1, 2006

Respectfully submitted,

George E. Carter

George E. Carter # 01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

CC: United States Court of Appeals

Exhibit "A"

December 1, 2006

Exhibit "B"

George E. Carter #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

RE: G.E. Carter v. R. Dixon, et al
C.A. No. 1:06CV00113(RCL)

Clerk of the Court
United States District Court
333 Constitution Ave, N.W.
Wash, D.C. 20001

Dear Clerk:

Yes, I am writing to inform this court how totally unfair the assigned judge has been handling this case. Let me explain what I mean. On September 8, 2006, the defendants' response was currently due. Defendants filed a motion to enlarge time until October 9, 2006 to file an answer; however, Defendants did not file it. Defendants filed a "second" motion to enlarge time until November 9, 2006, and the assigned judge had granted.

On November 14, 2006, plaintiff had received a copy of the motion to dismiss from the government that was inadequate and incomplete such as missing pages. Pages 11, 12, 13, and 14 were missing. Plaintiff was unable to prepare a proper opposition due to the missing pages. On November 15, 2006, plaintiff filed a motion to extend time and re-

quest a complete copy of the motion to dismiss my civil complaint. On November 29, 2006, I received a typed notice from the clerk that my motion to extend time was denied after I had explained that pages were missing. These missing pages may consist of falsities. I do have a constitutional right to be served in what the government submits.

Clerk, Since a deliberate act was committed, I request for legal representation due to the serious nature that it involved.

Respectfully written,
George E. Carter
GEORGE E. CARTER #01466-000

CC: U.S. Court of Appeals

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0113 (RCL) |
| ) | |
| RONALD DIXON, ) | |
| ) | |
| Defendant. ) | |

ORDER

Defendant filed a motion to dismiss on November 9, 20006. Because plaintiff is proceeding *pro se,* the Court advised him that if failed to respond to the motion by December 13, 2006, the Court could assume that the motion was conceded, grant the motion and dismiss the case. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

Plaintiff has not filed a response to the defendant's motion. Instead, he has filed a motion for default judgment that does not address the motion. Accordingly, it is

ORDERED that defendant's motion to dismiss [13] is GRANTED. It is

FURTHER ORDERED that plaintiff's motion for default judgment [18] is DENIED. This case is DISMISSED.

_____/s/_____
ROYCE C. LAMBERTH
United States District Judge

DATE: March 12, 2007

I received a court order without the assigned district judge's signature. The date is 3-15-07 in the evening.



Exhibit "C"

March 15, 2007

Exhibit "D"

George E. Carter #01466-000
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

RE: George E. Carter v. Ronald Dixon, et al
(C.A. No. 1:06 cv 00113)(RCL)

Clerk of the Court
United States District Court
333 Constitution Ave, N.W.
Wash, D.C. 20001

Dear Clerk:

   Yes, I am writing this letter in belief that I am being denied access to civil court in the above-entitled case due to the named defendants involved. It is now established beyond doubt that I have a constitutional right of access to the courts. The courts have cited the Due Process Clause, the Equal Protection Clause, the First Amendment, and the Privileges and Immunities Clause of Article IV of the Constitution as the bases for the right. See, Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491 (1977) and Adams v. James, 784 F.2d 1077, 1081-82 (11th Cir. 1986).

   Clerk, I was denied access to civil court that was adequate, effective, and meaningful by the opposing parties. For example, on March 5, 2007, I had filed a request for entry of default judgment for failing to serve a complete copy of their motion to dismiss to my civil right complaint after granting twice their motion for enlargment of time to file a response.

   Clerk, on November 9, 2007, the defendants' attorney had filed a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6). The defendants' attorney failed and refused to serve

a complete copy of their motion to dismiss to the plaintiff in order for him to prepare an adequate, effective, and meaningful opposition as it is a constitutional right to do so; However, I was unable to prepare such motion due to the missing pages of their motion; So, I filed a motion for enlargment of time that was denied by the clerk or judge. There was no signature thereon; Then, I filed a notice of appeal to the United States Court of Appeals for the District of Columbia based upon the denial of my motion for enlargment. See, Exhibit "A". . . Due to those missing pages, 11, 12, 13, and 14, I was unable to prepare an adequate opposition. Those missing pages might have contained false statements that could have been rebutted and refuted by me. See, Exhibit "B"

Clerk, I had been litigating against governmental officials for years. I had never have this sort of dilemma such missing pages of motion to dismiss my complaint. I had filed and submitted numerous oppositions in the past. Due to the serious nature of this case, the opposing parties are utilizing foul tactics to gain a tactical advantage of it; Further, I firmly believe that my civil complaint has been intercepted by the opposing parties to deny judicial review by a reasonable judge. It didn't make any sense how the judge granted two motion for enlargment of time but he denied my first motion for enlargment after showing good cause why it should have been granted. The assigned judge had manifested a bias and prejudicial attitude against every motion that was filed by me.

Clerk, I had exhausted administrative remedies through the federal agency against the federal officials who might have played roles in the matter removing pages of defendants' motion to dismiss; Presently, It is being reviewed by the regional director.

Clerk, Since there was no judge's signature on the document, the civil case was not dismissed. If so, I am writing this letter in the form of notice of appeal. Clerk, Every court order in the past, it was signed or stamped by the judge. It was not done this time.

Respectfully submitted,
George E. Carter

CC: Clerk



DCD_ECFNotice@dcd.uscourts.gov
11/27/2006 11:33 AM

To DCD_ECFNotice@dcd.uscourts.gov
cc
bcc
Subject Activity in Case 1:06-cv-00113-RCL CARTER v. DIXON "Order on Motion for Extension of Time to"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

Notice of Electronic Filing

The following transaction was received from jpm, entered on 11/27/2006 at 11:33 AM EDT and filed on 11/27/2006

**Case Name:**   CARTER v. DIXON
**Case Number:**   <u>1:06-cv-113</u>
**Filer:**
**Document Number:**

**Docket Text:**
MINUTE ORDER denying as moot[15] Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss. Signed by Judge Royce C. Lamberth on 11-27-06.(jpm)

The following document(s) are associated with this transaction:

**1:06-cv-113 Notice will be electronically mailed to:**

John F. Henault, Jr   john.henault@usdoj.gov

**1:06-cv-113 Notice will be delivered by other means to:**

GEORGE E. CARTER
R01466-000
GILMER FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 6000
Glenville, WV 26351

*No Judge's signature.*

Exhibit "E"